PENNSYLVANIA IRON WORKS COMPANY *vs.* JUDSON C.
MACKENZIE & others.

Bristol.    October 25, 1905. — January 2, 1906.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Corporation*, Statutory liability of directors.

In an action by a creditor of a corporation to enforce the statutory liability of the
directors of the corporation under R. L. c. 110, § 58, cl. 1, by reason of their
making a dividend which it was alleged rendered the corporation insolvent, it
appeared that the stockholders voted to authorize the directors to sell all the
property of the corporation for $70,000, and that the directors thereafter voted to
sell all the property of the corporation including bills and accounts receivable,
to a person who held all the capital stock, for $70,000, and to pay that sum
when received to the stockholders, reserving however a sufficient amount of
bills and accounts receivable to pay all its debts, and authorized the president
to carry out the vote, that the debts of the corporation amounted to $12,000,
that the bills receivable retained by the corporation were of the face value of
only $3,500, and that the $70,000 paid by the purchaser was immediately repaid
to him as the only stockholder. *Held*, that the distribution of the proceeds of
the sale of all the property of the corporation was a dividend within the mean-
ing of the statute, and that the evidence justified a finding that the action of the
defendants in declaring the dividend rendered the corporation insolvent; *also*,
that the directors could not avoid their liability by authorizing the president to
carry out their vote.

In an action by a creditor of a corporation to enforce the statutory liability of the
directors of the corporation under R. L. c. 110, § 58, cl. 1, by reason of their
making a dividend which it is alleged rendered the corporation insolvent, if
it appears that the directors sold all the property of the corporation to a person
who held all of its stock and paid the purchase money back to him as a divi-
dend, the corporation retaining an amount of assets insufficient to pay its debts,
evidence of a statement of the stockholder who purchased the corporate prop-
erty, that he had in his hands sufficient property to pay all the indebtedness of
the corporation including the debt to the plaintiff, even if it were not incompe-
tent as hearsay, should be excluded as immaterial.

THE following statement of the case is taken from the opinion
of the court:

This is a bill of complaint by a creditor of a Massachusetts
corporation, the Hygeian Ice and Cold Storage Company, to
charge the defendants personally, under R. L. c. 110, § 58, cl. 1,
with the payment of the debt due to the plaintiff from that cor-
poration, on the ground that they as directors of the corporation

had made or consented to a dividend whereby the corporation was rendered insolvent.

On November 20, 1901, the stockholders voted to authorize the directors to sell all the property of the corporation for $70,000; and on December 9 following, the directors voted to sell all the property of the corporation, including bills and accounts receivable, to one Freeston, who at that time owned all the capital stock, for $70,000, "reserving, however, a sufficient amount of the said bills and accounts receivable to pay and liquidate all debts of the corporation; and that upon the payment of said sum of seventy thousand dollars, the same shall be paid to the stockholders," that is to say, to Freeston. The judge found that the debts of the corporation amounted to $12,000, and that bills receivable were retained by the corporation "of the admitted face value of about thirty-five hundred dollars"; that the $70,000 paid by Freeston was immediately repaid to him; and he found for the plaintiff.

The defendants asked for the following rulings:

" There is no evidence that the corporation was rendered insolvent by the action of the defendants in declaring a dividend.

" The action of the Hygeian Ice & Cold Storage Company of December 9, 1901, was not a declaration of a dividend within the meaning of the statute.

" The action of the directors of December 9, 1901, in carrying out the vote of the stockholders at a previous meeting was not a declaration of a dividend within the meaning of the statute.

" The vote of the directors, reserving a sufficient amount of property to pay all liabilities of the company, was not of a nature to render the corporation insolvent.

" It appears by all the evidence in the case that the corporation, if insolvent, was rendered insolvent by the wrongful act of some person other than the defendants and they are therefore not responsible.

" On all the evidence in the case the Hygeian Ice & Cold Storage Company cannot be declared insolvent.

" On all the evidence in the case the plaintiff cannot recover." These were refused.

There was also an exception to the exclusion of the following evidence offered by the defendant: " The defendant then offered

to prove by this witness that Mr. Freeston stated to him that he had sufficient property in his hands to pay all the indebtedness of the Hygeian Co., including the payment of the Lily evaporator, in event for their having to pay it at all."

The case is here on these exceptions.

*D. F. Slade*, for the defendants.

*C. R. Cummings*, (*J. W. Cummings* with him,) for the plaintiff.

LORING, J. [After the foregoing statement of the case.] 1. The evidence was ample that the corporation was rendered insolvent by the action of the defendants in declaring a dividend. The company had property which it sold for $70,000; it owed $12,000. It paid the whole $70,000 to its one stockholder, on his leaving with the corporation $3,500 in bills receivable. A distribution of the proceeds of a sale of all the property of the corporation is a dividend within R. L. c. 110, § 58, cl. 1. The object of that statutory provision is to secure to creditors their right to be paid out of the funds of the corporation, and its provisions apply even more to a final distribution of the proceeds of sale of the whole property than to a division of supposed earnings.

The defendants' contention is that the company was rendered insolvent by the act of the president in not retaining enough property to pay the debts, and not by the distribution of the $70,000. But the distribution among stockholders of the property of the corporation whether made out of profits or supposed profits while the corporation is going on or out of the proceeds of a realization of the property in winding up its concerns, must be made by directors and cannot be made by any one else. The statute here in question (R. L. c. 110, § 58, cl. 1,) makes them personally liable for a failure to perform that duty. It is a duty which cannot be delegated, or, to speak directly to the case before us, it is a duty for which they are liable if it is performed by a delegate. If the directors had voted to authorize the president to distribute so much of the $70,000 as he found was not needed to pay the debts of the corporation, they would not have performed the duty imposed upon them by this act. It is equally true that they could not do the same thing indirectly by voting to distribute all the purchase price of so much of the property as was left after the president had retained enough to

pay the debts. Much evidence was gone into at the trial as to whether notes of $7,000 had been voluntarily retired by the president before the vote in question. The judge found that they had not, and we are of opinion that he was justified in so finding. But the issue was an immaterial one. If the notes had not been retired the debts were $5,000 and the assets retained were about $3,500. This disposes of the first, second, fourth and fifth rulings requested by the defendant.

2. The third request was rightly refused. The distribution of the purchase money originated with the directors. The stockholders' vote went no further than to fix the price in case the directors sold.

3. Without going through it in detail, the evidence warranted the findings, and the sixth and seventh rulings requested were rightly refused.

4. The statement of Freeston " that he had sufficient property in his hands to pay all the indebtedness of the Hygeian Co., including the payment" of the debt due the plaintiff, was immaterial apart from the fact that it was incompetent as hearsay.

What the plaintiff is complaining of here is that the property was in the hands of Freeston in place of being in the hands of the corporation to answer his debt.

*Exceptions overruled.*