THE FIRST NATIONAL BANK OF BOSTON *vs.* JAMES F. McGOWAN, administrator.

Norfolk.   October 7, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, & FIELD, JJ.

*Payment. Bills and Notes,* Note as payment. *Guaranty.*

A guaranty of such obligations of a debtor as might be incurred previous to receipt by the creditor of notice from the guarantor of its "revocation" did not cover obligations incurred after the death of the guarantor.

The mere facts, that the maker of a note from time to time gave renewal notes for the debt and that as each renewal note was given the note preceding it was returned to him, did not warrant a finding that the

debt was discharged by the giving of a renewal note after the death of a guarantor where it appeared that the debt itself was covered by the guaranty but that because of the death of the guarantor that renewal note was not so covered; and a finding was required that the estate of the guarantor was liable to the creditor for the amount of the debt.

CONTRACT. Writ in the District Court of Western Norfolk dated October 18, 1934.

The action was heard by *Saunders,* J., who found for the defendant. Upon a report, the Appellate Division for the Southern District ordered judgment entered for the plaintiff in the sum of $23,931.30 with interest. The defendant appealed.

The case was submitted on briefs.

*H. J. Webb,* for the defendant.

*F. W. Eaton & C. R. Walton,* for the plaintiff.

PIERCE, J. This is an action of contract in which the plaintiff seeks to recover $23,931.30, with interest, on account of a written guaranty under seal, signed by the decedent, Ida Cook Appleton, wherein the decedent guaranteed the due fulfilment of all the obligations of her husband, Francis H. Appleton, who owed the plaintiff the sum of $23,931.30 at the time of the trial of this action.

The case was tried on an agreed statement of facts, and a finding for the defendant was entered. The plaintiff duly filed its claim for a report to the Appellate Division, which reversed the decision of the trial judge and ordered the entry of judgment for the plaintiff in the sum of $23,931.30, with interest thereon. The case is before this court on the defendant's appeal from the decision of the Appellate Division.

The material facts are set forth in the agreed statement of facts which was presented to the court, together with the further statement of facts made by attorneys for both parties at the time of trial, in lieu of the introduction of testimony. The agreed facts and the exhibits, omitting the headings, were in substance as follows: Ida Cook Appleton, before her death on January 26, 1933, was the wife of Francis H. Appleton. On December 2, 1930, the said

Francis H. Appleton was indebted to the plaintiff in the sum of $48,300 for money lent to him. On that date, Ida Cook Appleton, knowing of her husband's indebtedness to the plaintiff and of the request contained in the letter of the plaintiff to him (a copy of which is printed in the record as Exhibit "A"), executed, under seal, a written instrument, which she delivered or caused to be delivered to the plaintiff. This instrument reads as follows: "In consideration of One Dollar and other valuable considerations to the undersigned paid by The First National Bank of Boston, receipt whereof is hereby acknowledged, the undersigned guarantee(s) due fulfillment to said The First National Bank of Boston of all obligations, direct or indirect, of Francis H. Appleton (hereafter referred to as principal obligor) to said The First National Bank of Boston up to an aggregate amount of forty-eight thousand three hundred forty-five dollars at any one time outstanding, whether incurred prior to the signing of this agreement or hereafter incurred prior to the receipt by the said Bank of notice in writing from the undersigned of the revocation of this guaranty. It is further agreed that the undersigned waive(s) any demand for payment and notice of non-payment and that without notice to the undersigned or without affecting the liability hereunder, the said Bank may enforce its rights against the principal obligor and/or may take or release security and/or surrender documents, grant extensions, renewals, and indulgences. It is agreed that if this guaranty be signed by more than one person, then the instrument becomes the joint and several guaranty of all the signers." On December 2, 1930, Ida Cook Appleton signed and caused to be delivered to the plaintiff bank a letter (Exhibit "C") which reads: "Agreeably with your request, Mrs. Appleton and myself agree that we will not place mortgages on real estate owned by either of us without the banks [*sic*] approval." From time to time certain payments on account of the original indebtedness of Francis H. Appleton to the plaintiff were made, and on March 3, 1933, the balance due on account of the original indebtedness was evidenced by a note (Exhibit "D"),

made on March 3, 1933, by Francis H. Appleton, payable to the order of the plaintiff in the sum of $29,090 with interest at the rate of three per cent, due four months after date. Interest was paid on this obligation to July 3, 1933, but no further payment has been made on account of either principal or interest, though often demanded by the plaintiff.

In addition to the foregoing, the parties agreed at the trial that the note (a photostatic copy of which was affixed to the agreed statement of facts) was the last of a series of renewal notes and was the only note in the possession of the plaintiff; that as each note was given the plaintiff returned to Francis H. Appleton, the maker, the old note; and that at the time the guaranty was given the indebtedness of Francis H. Appleton to the plaintiff was the balance due on an indebtedness of $50,000, incurred in April, 1930. Further, that the court could draw inferences of fact from the facts agreed upon. "No objection was made to the materiality of any facts set forth in the agreed statement of facts."

Ida Cook Appleton died on January 26, 1933. The defendant was duly appointed administrator of her estate by the Probate Court of Norfolk County, and duly qualified as such administrator on April 11, 1934. At the trial, before argument, the plaintiff filed eight written requests for rulings of law. The second, seventh and eighth requests were as follows: "2. If the plaintiff had the guaranty of Ida Cook Appleton securing the indebtedness of Francis H. Appleton to it, the acceptance of a renewal note by the plaintiff will not be construed as taken in payment of the original obligation, but the renewal note will be considered only new evidence of the original obligation." "7. If Ida Cook Appleton executed a guaranty of the obligations of Francis H. Appleton to the plaintiff and if it provided in the guaranty 'and that without notice to the undersigned or without affecting the liability hereunder, the said Bank may enforce its rights against the principal obligor and/or may take or release security and/or surrender documents, grant extensions, renewals and indulgences', and if on March 3,

1933, two months after the death of Ida Cook Appleton, the bank accepted from Francis H. Appleton a note maturing in four months thereafter representing the balance of the amount originally owed by Francis H. Appleton to the plaintiff at the time of the execution and delivery of the guaranty, the accepting of the renewal note did not release the estate of Ida Cook Appleton from liability on account of the said guaranty. 8. If on December 2, 1930, Francis H. Appleton owed the plaintiff the sum of $48,345 and on that day Ida Cook Appleton signed, sealed and delivered the guaranty set forth in the agreed statement of facts to the plaintiff, and Francis H. Appleton from time to time thereafter executed renewal notes payable to the order of the plaintiff, and Francis H. Appleton at the date of the decease of Ida Cook Appleton owed the plaintiff $23,391.30 or more, and if the last renewal note made after the death of Ida Cook Appleton matured prior to the bringing of this action, then the defendant, as he is administrator of the estate of Ida Cook Appleton, owes the plaintiff the sum of $23,391.30 with interest thereon in the sum of $1,211.53."

The trial judge found for the defendant, filed a finding of fact and refused to grant the plaintiff's seventh and eighth requests. The second request was given "if before death without revocation but denied otherwise." The "Finding of Fact" was as follows: "I find as a matter of fact that each time a note became due the old note was returned to the maker, and that that act was payment; and that the plaintiff in taking a new note after guarantor's death created a new obligation taken after her death and released the maker's estate of any liability." The question presented to the Appellate Division is, Was the trial judge warranted, upon the facts presented by the agreed statement, in finding that the note of March 3, 1933, constituted a payment of the previous note, and created a new obligation to which the guaranty did not apply?

The guaranty is, by its own terms, a revocable guaranty. It specifically provides for the fulfilment of obligations incurred after the date of the guaranty and before receipt by the plaintiff of notice, in writing, from the guarantor of

the revocation of the guaranty. Such a guaranty is revoked by the death of the guarantor. *Hyland* v. *Habich*, 150 Mass. 112. *Jordan* v. *Dobbins*, 122 Mass. 168. The estate of a guarantor is liable for any obligations outstanding at the time of the death of the guarantor for the fulfilment of which the guaranty was given. *Jordan* v. *Dobbins*, 122 Mass. 168. Consequently the estate of Ida Cook Appleton is liable for so much of the indebtedness of Francis H. Appleton to the plaintiff as was unpaid at the time of her death, unless that obligation was extinguished by the plaintiff's acceptance of the note of March 3, 1933, in payment of the prior obligations.

Was the note a new obligation or was it a renewal only of the prior obligations which remained unpaid? The defendant stated in his brief that he "does not admit that it is possible, upon the facts in this case, to distinguish between the indebtedness of said Francis H. Appleton to the plaintiff and the note dated March 3, 1933, which was the only evidence of such indebtedness held by the plaintiff, and thus contend that the guaranty executed by said Ida Cook Appleton under date of December 2, 1930, applied to such indebtedness and not to the note." As was said in *Agricultural National Bank of Pittsfield* v. *Brennan*, 295 Mass. 325, 327–328. "The liability of a guarantor is to be ascertained from the terms of the written instrument by which the obligation is expressed, construed according to the usual rules of interpretation in the light of the subject matter, the well understood usages of business, the relations of the parties to each other and to the transaction, and all other material circumstances." The contention of the defendant, that the instrument of guaranty was discharged by the surrender of the old notes to the maker, when other notes were given in renewal or substitution, cannot be supported. Although in general the taking of a negotiable note for a preexisting account or note is a discharge of the old note and an acceptance of the new note in place of it, that presumption does not arise if it appears that it will be for the benefit of the creditor that the old note be kept alive. *Cotton* v. *Atlas National Bank*, 145 Mass. 43, 45. *Freedman* v. *Peoples*

*National Bank of Marlborough,* 291 Mass. 168, 171. We are of opinion that the agreed facts and the reasonable inferences therefrom do not warrant the finding of the trial judge that the note, dated March 3, 1933, was given and accepted in payment of the prior indebtedness of Francis H. Appleton. It follows that the Appellate Division was right in its ruling that "there was prejudicial error in denying plaintiff's requests for rulings 7 and 8 and in the qualified allowance of the second request." The Appellate Division was also right in ordering judgment to be entered for the plaintiff in the sum of $23,931.30, plus interest thereon at the rate of three per cent from July 3, 1933.

*Order of Appellate Division affirmed.*