M. Francis Palomo *vs.* Autobarn, Ltd., & others. December 1, 1986. *Corporation*, Director's liability. *Payment*.

This is an action to reach and apply the alleged personal liability of corporate directors for authorizing insider loans, under G. L. c. 156B, § 62, as in effect prior to St. 1980, c. 265. Palomo, a judgment creditor of Autobarn, claims that Raymond and Rose DesGroseilliers, directors of Autobarn, authorized loans to their son Dennis, president and a director of Autobarn. After close of plaintiff's evidence in a jury-waived trial, the defendants were granted what was in effect an involuntary dismissal under Mass.R.Civ.P. 41 (b)(2), 365 Mass. 804 (1974). Palomo appeals.

The central issue in this case is whether the money paid to Dennis was a salary, as Raymond and Rose contend, or a loan, as Palomo contends. Only loans generate liability under G. L. c. 156B, § 62, which at the time of the payments read: "If a corporation shall *lend* any of its assets to any director or officer . . . all directors voting for or assenting to any such loan . . . shall be jointly and severally liable to the corporation . . ." (emphasis added). "The purpose of the statute is to protect the creditors of the corporation and to prevent officers of the corporation from sharing in corporate funds which should go to the creditors." *National Refractories Co.* v. *Bay State Builders Supply Co.*, 334 Mass. 541, 544 (1956). The payment of operating expenses, such as salaries, is essential to the continued viability of a business and thus benefits creditors of the business as well as the business itself. Such payments, if not sham, do not expose directors to liability under § 62.

The trial judge found, in effect, that the payments to Dennis were salary, not a loan, and so § 62 did not apply. Treating the motion above under rule 41 (b)(2) "the judge [was] free to weight the evidence and resolve all questions of credibility, ambiguity, and contradiction in reaching a decision." *Ryan, Elliot & Co.* v. *Leggat, McCall & Werner, Inc.*, 8 Mass. App. Ct. 686, 689 (1979). His findings of fact will be upheld if they are supported by the evidence. *Id.* at 693. In this case, Raymond was the main witness, and his testimony about compensation for Dennis was very unclear. One possible reading is that Dennis could draw up to $15,000 as advances on a salary to be set subsequently. He would give notes to the corporation because he would have to repay drawings in excess of the level at which his salary was later set. Another reading is that Dennis was to receive a percentage of profits as salary, but in no event less than $15,000. He could draw the $15,000 as he wished, giving notes to the corporation to keep track of what he withdrew. Thus the judge could have found properly that the money paid was either a loan or a salary. His finding that the payments were a salary and that they were in fact earned is consistent with the evidence and will be upheld.

Deciding as we do on this point, we do not need to reach the other contentions of the plaintiff.

*Judgment affirmed.*

*Gerald E. Katz* (*Joel Pentlarge* with him) for the plaintiff.
*Robert E. Longden, Jr.*, for the defendants.