HELENA M. RAUNELA, administratrix, & another *vs.* THE HERTZ CORPORATION & another.

Worcester.    February 7, 1972. — March 6, 1972.

Present: CUTTER, SPIEGEL, REARDON, QUIRICO, & HENNESSEY, JJ.

*Negligence,* Motor vehicle.  *Practice, Civil,* New trial.

In an action arising from a collision between a car the plaintiff was operating and a truck which was operated by a defendant the trial judge correctly submitted the action to the jury where the evidence warranted a finding that when the plaintiff stopped and looked in both directions and then started to make a left turn at an intersection, the truck was not in sight for a distance of 400 feet to her right on the highway from which she was turning and that the truck thereafter came into a position where its driver could have seen the car making the turn and could have stopped the truck before it struck the car. [343–344]

Where a motion for a new trial of an action is based upon alleged errors of law that were raised or could have been raised at the trial, the trial judge is not required to consider the motion but may do so in his discretion. [345]

Where the judge in an action for death against a corporation and the administratrix of its employee improperly instructed the jury that it could award up to $50,000 although at the relevant time the maximum recovery permitted by the death statute was $30,000, and the jury returned a verdict for $40,000 on the count against the employee's administratrix, it was not an abuse of discretion for the judge to allow as to that count a motion by the defendants for a new trial unless the plaintiff remitted $20,000, which the plaintiff did [345–346]; but it was error for the judge to deny the motion as to the count against the corporation, on which there was also a verdict for $40,000, where the corporation's liability could only be

based on responsibility for the conduct of its employee and therefore the verdict against the corporation should also have been reduced by $20,000 [346–347].

TORT. Writ in the Superior Court dated June 14, 1966. The action was tried before *Meagher, J.*
*Francis H. George* for the defendants.
*John M. O'Connor* for the plaintiffs.

QUIRICO, J. This is an action in tort for negligence in which Helena M. Raunela, individualy, seeks to recover for personal injuries sustained by her in an automobile accident, and in which she also seeks recovery, in her capacity as administratrix of the estate of her late husband, Mauno Raunela, for his conscious suffering and death resulting from the same accident. The defendants are The Hertz Corporation (Hertz) and Agnes D. Leahey as administratrix of the estate of her late husband Philip M. Leahey (Leahey) whose death also resulted from the same accident. The accident involved a collision between a Volkswagen automobile driven by Mrs. Raunela and owned by her husband who was a passenger therein at the time of the collision, and an International van body truck owned by Hertz and driven by Leahey. The case is before us on the defendants' exceptions to the denial of their motion for directed verdicts and the denial of their motion for a new trial.

The plaintiffs' declaration is in six counts, the first four by Mrs. Raunela as administratrix, and the last two by her individually. The jury returned verdicts for the plaintiffs on all counts as follows: count 1: $40,000 against Leahey for the death of Mauno Raunela;[1] count 2: $2,000 against Leahey for the conscious suffering of Mauno Raunela; count 3: $40,000 against Hertz for the death of Mauno Raunela; count 4: $2,000 against Hertz for the conscious suffering of Mauno Raunela; count 5: $18,000 against Leahey for personal injuries to Mrs.

---

[1] The amount of this verdict was later reduced to $20,000 as hereinafter appears.

Raunela; and count 6: $18,000 against Hertz for personal injuries to Mrs. Raunela. In counts 3, 4 and 6 against Hertz, the plaintiffs alleged that Leahey negligently operated the truck as an agent, servant or employee of Hertz. The defendants' single answer to all counts consisted of a general denial, plea of contributory negligence, denial of agency, violation of law, statute of limitations, and denial of public way.

On the defendants' exceptions to the denial of their motion for directed verdicts the test is whether "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff." *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302. *Adams* v. *Herbert,* 345 Mass. 588, 589. We hold that such a combination of circumstances could be found in the evidence and that the case was therefore properly submitted to the jury for decision.

The Volkswagen and the truck were traveling in opposite directions on the same highway, both approaching an intersection formed by another road crossing the highway. As the Volkswagen attempted to make a left hand turn into the cross road called Rindge Road, its right side and the left front of the truck collided within the intersection and in the lane in which the truck had been traveling. The car was pushed sideway for an unspecified distance and the truck turned over on its left side. There are no traffic controls at the intersection. The truck left brake marks on the pavement for a distance of over thirty-five feet to the point of impact. There was nothing to obstruct the truck driver's view of the intersection for a distance of 400 feet as he approached it. Before making the turn, Mrs. Raunela put on her directional lights, stopped and looked in both directions, and then looked straight ahead. She saw nothing coming so she made her left turn and had almost completed the turn into Rindge Road when struck by the defendant's truck. The jury could thus find that the truck was not in the 400 foot range of view when the car started to make its turn,

and that the truck thereafter came into a position where its driver could have seen the car making the turn and could have stopped the truck before it struck the car.

It is now almost seventy years since the Legislature enacted the first general statute regulating the operation of motor vehicles. See St. 1903, c. 473.[2] It is also almost seventy years since the first motor vehicle tort cases started to appear in the reports of the decisions of this court. See *Hennessey* v. *Taylor*, 189 Mass. 583, decided in 1905. From those earliest decisions to the present time we have rendered numerous decisions reciting in detail the evidence which either did or did not warrant the submission of the case to the jury. Except in unusual cases it is doubtful whether it would add much to our jurisprudence to continue with such detailed recitals of evidence in passing on exceptions to the allowance or denial of motions for directed verdicts. The barest outline of the evidence should suffice for such purpose except in unusual cases.

The day after the jury returned their verdicts, the defendants filed a motion for a new trial. The motion is not reproduced in the record, and the bill of exceptions does not state the grounds upon which the new trial was sought. The bill shows only that "after hearing, the court granted a new trial on Count I of the plaintiff's declaration unless the plaintiffs remitted the sum of . . . [$20,000] and denied the motion as to Counts II, III, IV, V, and VI . . . to which action the defendants excepted. The plaintiffs filed a remittitur as to Count I . . . leaving said verdict in the net sum of . . . $20,000." A copy of the docket entries received by this court from the clerk of courts for Worcester County reflects only that the motion for a new trial was allowed "on count I on grounds I & 3 in motion" and that it was "Denied as to all other counts." It also shows the order for remittitur. This still leaves us with a record which gives no information as to the

[2] For more limited earlier legislation, see St. 1901, c. 192, and St. 1902, c. 315.

grounds of the motion or the basis for the action of the court thereon.

It is only by resort to the briefs that we are able to discern what the defendants are attempting to place before us by their exception to the judge's action on the motion for a new trial. The judge instructed the jury that if they found for the plaintiff administratrix on the two counts for death they should determine the amount of damages "in the sum of not less than five thousand dollars nor more than fifty thousand dollars to be assessed with reference to the degree of . . . culpability." This instruction was erroneous because the death statute in effect when Mauno Raunela died, viz. on November 11, 1965, prescribed a range of damages from $3,000 to $30,000. G. L. c. 229, § 2, as amended through St. 1962, c. 306, § 1. The increase of the range to $5,000 to $50,000 was effected by St. 1965, c. 683, § 1, approved September 7, 1965, but by § 2 thereof the increase applied only to deaths resulting from injuries sustained or accidents occurring on or after January 1, 1966. Despite this error, neither party saved any exception to the charge. The error was not discovered until after the jury were discharged.

The defendants are now attempting to use their exception to the judge's order on their motion for a new trial as the vehicle by which to obtain our review of the admittedly erroneous instruction as to damages. "A motion for a new trial . . . need not be entertained when based upon alleged errors of law that either were raised or could have been raised at the trial." *Peterson* v. *Hopson,* 306 Mass. 597, 600, and cases cited. *Devore* v. *Good,* 321 Mass. 84, 85–86. "While a judge may in his discretion permit such a question to be presented on a motion for a new trial, he cannot be required to consider it." *Hathaway* v. *Checker Taxi Co.* 321 Mass. 406, 412. Ordinarily an exception to the denial of such a motion will not be sustained by this court where the record shows no abuse of discretion by the judge.

The defendant has not claimed abuse of discretion with

reference to the judge's denial of the motion for a new trial on the two counts for conscious suffering and on the two counts for Mrs. Raunela's injuries. The only error argued by the defendants in their brief was the judge's conditional allowance of a new trial on count 1 unless the plaintiff agreed to a remittitur of $20,000. This verdict was thus reduced from $40,000, which was $10,000 above the maximum permitted by the applicable death statute to $20,000, or $10,000 below such maximum. The judge's action on count 1 was a proper exercise of his discretion and of the authority vested in him by G. L. c. 231, § 127, as amended through St. 1967, c. 139, which provides in pertinent part: "The court may, at any time before judgment, set aside the verdict in a civil action and order a new trial for any cause for which a new trial may by law be granted. . . . A verdict shall not be set aside as excessive until the prevailing party has first been given an opportunity to remit so much thereof as the court adjudges is excessive." The determination of the amount of remittitur was the responsibility of the judge, provided only that the amount of the resulting verdict was within the range of damages permitted by the applicable death statute. The record shows no abuse of discretion in the judge's discharge of that responsibility. The plaintiff having agreed to the remittitur, the verdict on count 1 stands at $20,000 without the necessity of a new trial. *Kenyon* v. *Vogel*, 250 Mass. 341, 344. *Nicklas* v. *New Bedford*, 250 Mass. 471, 473–474.

There is another matter which we think requires attention in order to avoid a miscarriage of justice, although it does not appear to have been raised or argued by counsel on either side. The verdict on each of counts 1 and 3 for death was for $40,000 and thus both were in excess of the $30,000 maximum permitted by the applicable death statute. Although the judge reduced the verdict on count 1, he denied the motion for a new trial as to count 3. There is nothing in the record or the briefs to explain or account for this difference in the judge's action on these

two verdicts for death. There could be no lawful verdict on count 3 for an amount in excess of $30,000.

The counts of the declaration alleging causes of action against Hertz do so on the theory that at the time of the accident Leahey was driving the truck as its agent, servant or employee. In this state of the pleadings, the verdicts against Hertz could not be based on any negligence apart from or independent of that of Leahey. *Lemay* v. *Springfield St. Ry.* 210 Mass. 63, 67–68. *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 563. *Zarski* v. *Creamer,* 317 Mass. 744, 746–747. Accordingly, the verdict against Hertz should be in the same amount as the verdict against the estate of Leahey, whose negligence appears to have furnished the yardstick for measuring the "degree of culpability," for purposes of computing damages under G. L. c. 229, § 2, as amended.

It was error for the judge to allow the verdict of $40,000 on count 3 against Hertz to stand in that amount. The case is to stand for further appropriate action in the Superior Court to reduce the amount of the verdict on count 3 to $20,000.

> *Exceptions sustained as to count 3,*
> *and overruled as to all other counts.*