Jodrey, J.
This is an action in contract in which the plaintiffs seek to recover the sum of $1,040.00 which was paid to the defendant in connection with the plaintiffs’ application for residential mortgage financing. The plaintiffs also seek damages for the defendant’s alleged violation of G. L. c. 93A and c. 140Din refusing to refund the $1,040.00 fee in question.
Evidence was introduced by the plaintiffs in the form of documentary exhibits and testimony by plaintiff J ames Madden. At the close of the plaintiffs’ case, the defendant moved orally for a directed verdict on the grounds that the plaintiffs’ evidence was insufficient as a matter of law in that the plaintiffs had failed to establish any misrepresentation or wrongdoing by the defendant. Prior to argument on this motion, requests for rulings of law were submitted by both parties and requests for findings were made by the defendant. The trial court allowed the defendant’s motion after hearing, and entered the following finding:
“In the above action, the Court finds for the defendant on its motion for a required finding at the close of the Plaintiffs case.”
The court also refused to rule on either party’s requests, deeming such requests inapplicable to the plaintiffs’ anticipated appeal of the allowance of the defendant’s motion.
The plaintiffs’ appeal to this Division is premised on a charge of error not only in the trial court’s allowance of the defendant’s motion for involuntary dismissal, but also in the court’s failure to make subsidiary findings in conjunction with such allowance.
1. It is essential to note at the outset that the defendant has erred in characterizing the dismissal motion in question as a motion for a directed verdict or required finding pursuant to Mass. R. Civ. P., Rule 50(a). Rule 50(a) is wholly inapplicable to procedure in the District Court Department. A motion for a directed verdict is an unintelligible and inappropriate request in a trial without a jury. Dilworth v. Boston Garden-Arena Corp., 339 Mass. 772 (1959); Forbes v. Gordon & Gerber, Inc., 298 Mass. 91, 94-95 (1937); Ashapa v. Reed, 280 Mass. 514, 515-516 (1932).
The proper device to advance an assertion of the insufficiency of the evidence to support a finding for the adverse party is a request for ruling of law to that effect submitted before closing arguments. Onessimo v. Carvelli, 1983 Mass. App. Div. 56, 57; New England Copy Specialists, Inc. v. Massachusetts State Pharmaceutical Assoc., 1983 Mass. App. Div. 139, 140. Such a request must be in writing, Fiorino v. Worcester Polytechnic Institute, 1981 Mass. App. Div. 47, 49, and must contain the evidentiary specification mandated by *241 Dist./Mun. Cts. R. Civ. P., Rule 64(b)[2]. Perma-Home Corp. v. Nigro, 346 Mass. 349, 353-354 (1963); Okin v. Sullivan, 307 Mass. 227, 228 (1940).
In order to test the sufficiency of the plaintiffs case before the end of trial, however, a motion for involuntary dismissal may be filed in a district court proceeding. Whether denominated as a motion for a directed or required finding or for dismissal, such a motion will be treated in a non-jury trial in accordance with the provisions of Dist./Mun. Cts. R. Civ. P., Rule 41(b) (2). See, e.g., Fennell v. Wyzik, 12 Mass. App. Ct. 909 (1981); Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 fn. 3 (1984); Griffin Greenhouse Supplies, Inc. v. Stall, Mass. App. Div. Adv. Sh. (1979) 380, 381 n.3. Rule 41(b)(2) states:
After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).
2. The primary distinction between a motion for a required finding or a directed verdict and a Rule 41(b)(2) motion for involuntary dismissal is the evidentiary standard to be employed by the judge. A motion for a directed finding cannot be granted if “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972); Kenny v. DiCenso, 10 Mass. App. Ct. 835, 835-836 (1980). The test is the legal sufficiency of the evidence, and all evidence must be construed entirely in the plaintiffs favor for purposes of motion disposition. Alholm v. Wareham, 371 Mass. 621, 627 (1976); Cormer v. Grant, 14 Mass. App. Ct. 965, 966 (1982); Carideo v. Camoscio, 1980 Mass. App. Div. 105, 106.
Under Rule 41(b)(2), however, “atrialjudge is not limited to that standard of proof required for a directed verdict [citations omitted ]; rather, the judge is free to weigh the evidence and resolve all questions of credibility, ambiguity and contradiction in reaching a decision.” Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689-690 (1979) and cases cited. See also Paquin v. Arruda, 1983 Mass. App. Div. 276, 278; J. SMITH & H. ZOBEL, RULES PRACTICE, §41.10 (8 M.P.S. (1977.))[3] The allowance of aRule 41(b)(2) motion may thus signify a simple assessment of the quantity of the evidence and a resulting determination that the plaintiff has failed to satisfy its burden of proof; or may represent an adjudication of the credibility and weight of the plaintiffs evidence and a finding that the preponderance favors the defendant.
*242 3. The basis of a trial court’s allowance of a Dist./Mun. Cts. R. Civ. P., Rule 41(b)(2) motion obviously cannot be a matter for the conjecture or surmise of an appellate court. For this reason, Rule 41 (b)(2) expressly and unequivocally mandates that “ [i]f the court renders judgment on the merits the court shall make findings as provided in Rule 52(a).” See. e.g., Trask v. Susskind, 376 F.2d 17 (5 cir. 1967); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 313 F.2d 864 (7 cir. 1963); Rafferty v. Santa Maria Hospital, 5 Mass. App. Ct. 624, 630 fn.7 (1977); Thompson v. Robitaille, 1983 Mass. App. Div. 348, 351 fn.4.
We reject the defendant’s contention that as findings of fact would serve no useful purpose when the evidence is deemed to be legally insufficient, such findings are not then required pursuant to Rule 41(b)(2). See S & S Realty Corp. v. Marron, 5 Mass. App. Ct. 800 (1977). This argument simply begs the question of whether the trial justice has in fact merely assessed the legal sufficiency of the evidence or has rendered a mixed decision of fact and law in granting a Rule 41(b)(2) dismissal. In either case, findings of fact must be made in accordance with Rule 52(a). See Rafferty v. Santa Maria Hospital, supra at 630 fn.7.[4]
4. The failure of the trial court herein to enter findings of fact under Rule 41(b)(2) constituted an impermissible deviation from the express requirements for adjudication under that rule. No valid appellate consideration of the trial court’s decision can be undertaken in the absence of such findings. Accordingly, a new trial is in order.
The trial court’s allowance of the defendant’s Dist./Mun. Cts. R. Civ. P. Rule, 41(b) (2) motion for involuntary dismissal is hereby vacated. This action is returned to the lower court for a new trial.

Dist./Mun. Cts. R. Civ. P., Rule 64(b) provides, inter alia, that “No review as of right shall lie to the refusal of a request for ruling ‘upon all the evidence’ in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified.”

“Grant of the defendant’s motion at this stage [the close of plaintiffs case] is a decision on the merits in favor of the defendant... the court is not as limited in its evaluation of plaintiffs case as it would be on a motion for a directed verdict. The court is not to make any special inferences in the plaintiffs favor nor concern itself with whether plaintiff has made out a prima facie case. Instead it is to weigh the evidence, resolve any conflicts in it and decide for itself where the preponderance lies." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 2371 (1971).

“And such findings were required as well when (as in this case) the judge found that the hospital had not satisfied its burden . . . of justifying the variance and allowed the plaintiffs ‘Motion for Dismissal’... In the posture of this case this motion is the functional equivalent of an ordinary motion for dismissal by a defendant under Mass. R. Civ. P. 41(b)(2), 365 Mass. 804 (1974), on the ground that the evidence at the end of the case, presented by the plaintiff with the burden of proof, was insufficient. Judgment having been entered on the merits on the basis of the motion, the judge was required under Mass. R. Civ. P. 41(b)(2) to ‘make findings as provided in Rule 52(a).’ "Ibid.