Merrick, J.
This is an action in quantum meruit for the value of construction services and materials provided by the plaintiff in the remodeling of two of the defendant’s stores.
The case is before this Division on the plaintiff s appeal of the trial court’s allowance, at the close of the plaintiffs evidence, of the defendant’s Dist./Mun. Cts. R. Ciw P., Rule 41(b) (2) motion for involuntary dismissal.
The reported summary of the plaintiff s evidence indicates that Philip A. DePalma, the owner and representative of the corporate defendant, contacted the plaintiff in December, 1988 about the conversion of two of the defendant’s properties into cellular phone stores. After reviewing DePalma’s plans and specifications, the plaintiff submitted a project estimate of $55,000.00. DePalma rejected the proposal. After several additional conversations, the plaintiff agreed at a meeting with DePalma on January 5,1989 that be would attempt to do the work for $42,000.00, but that he expected DePalma to “help [him] ouf’ifthe actual costsofthe project exceeded $42,000.00.The parties then prepared a statement on the plaintiffs letterhead which referenced the work for the defendant and the $42,000.00 figure. The plaintiff testified that the statement did not constitute the agreement between the parties, but was merely prepared at DePalma’s request for submission to the defendant’s bank. The document was signed by DePalma only.
The remodeling work was completed at both sites, and the defendant’s two stores were opened and operating by the end of February, 1989. The plaintiff introduced detailed documentary evidence indicating that the fair and reasonable value of the labor and materials supplied was $53,333.92.
At the close of the plaintiffs evidence, the defendant made an oral motion for involuntary dismissal on the grounds that the plaintiff was not entitled to recover the reasonable value of the labor and materials supplied because there was a contract between the parties which required the plaintiff to complete the projectfor $42,000.00. The trial court made extensive written “findings” and allowed the defendant’s motion as one for a
required finding . . . because viewing the evidence in the light most favorable to the plaintiff, he has not sustained his burden of proof...
1. The trial court’s allowance of the defendant’s Rule 41 (b) (2) motion as one for a “required finding” was tantamount to a ruling of law that nowhere in the evidence, “from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Joseph *49 Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 554 (1983). As the reported, evidence herein was sufficient to permit afinding for the plaintiff, the court’s allowance of the defendant’s motion was error.
Theplaintiff expressly eschewsaclaim in contract,preferring to seek the$53,333.92 fair value of the labor and materials he provided rather than the alleged contract price of $42,000.00. The plaintiff s recovery depended upon a determination that there was no express contractbetween the parties establishing such fixed price of $42,000.00for the project. The law will not imply a contract where there is an express contract covering the same subject matter. Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 85 (1956). The plaintiff’s evidence was sufficient herein to support a reasonable inference that the $42,000,00 figure was abase price only, and that the parties left open the actual price to be paid by the defendant upon the plaintiffs completion of the project. The trial court could have properly conceded that the evidence was legally sufficient to establish a prima facie case for the plaintiff, and then made a contrary finding, as trier of fact, that the plaintiff had contracted with DePalma to perform the work for $42,000.00. The court instead ruled as a matter of law that “no evidence was introduced showing that Mr. DePalma agreed to pay more than $42,000.00... or that he reasonably should have expected to pay more than $42,000.00.” Based on this determination and other erroneous rulings of law as to the insufficiency of the plaintiffs evidence,[2] the trial court allowed the defendant’s motion. Such allowance is hereby vacated.
2. The parties’ varying references to the court’s subsidiary determinations as “findings” or “rulings,” and the alternating characterizations by the trial judge and the parties of the defendant’s motion as one for involuntary dismissal, for a directed verdict or for a required finding are symptomatic of the lack of procedural certainty which sometimes attends a defendant’s motion at the close of the plaintiffs evidence in a district court civil trial. A review of relevant guidelines is in order.
Amotion for a “directed verdict,” per se, is a procedural anomaly in a non-jury case, see Gionet v. Hebshie, 12 Mass. App. Ct. 1000 (1981), and Mass. R. Civ. P., Rule 50 is inapplicable to district court civil practice. Joseph Freedman Co. v. North Penn Transfer, Inc., supra at 554 n.4. Prior to the adoption of the Rules of Civil Procedure in this Commonwealth, a mid-trial motion to test the sufficiency of a plaintiffs district court case was commonly denominated as a motion for a “required” or “directed” finding, the allowance of which was equivalent to the allowance of a defendant’s request for a ruling of law that a finding for the plaintiff was not warranted by the evidence. See cases cited Id. at 553 n.3. Appellate review of the denial of a motion for a “required finding” or “directed finding” was governed by the same standard applicable to directed verdict motions injury cases; namely, viewing the evidence in the light most favorable to the plaintiff, whether
anywhere in the evidence, from whatever source derived any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.
Id. at 554, and cases cited. See generally, Forlano v. Hughes, 393 Mass. 502, 504 (1984); Raunela v. Hertz Corp., 361 Mass. 341. 343 (1972).
Since 1974, a motion in a non-jury case at the close of the plaintiffs evidence for a finding in the defendant’s favor is treated as a motion for involuntary dismissal *50 pursuant to Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2). [3] Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 n.1 (1984); Sellars v. Shaughnessy Crane Service, Inc., 1988, Mass. App. Div. 42, 43. The departure from prior practice is more than semantical. In ruling on an involuntary dismissal motion, a trial judge is no longer restricted to that standard of proof required for a directed verdict, Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979), and may proceed in either of two ways at the close of the plaintiffs evidence.[4]
First, when considering a motion for dismissal, he may treat plaintiffs evidence just as he would in ajury trial: by taking as proved all uncontroverted evidence, by resolving all evidentiary conflicts in plaintiffs favor, and by likewise drawing all permissible inferences in plaintiffs favor. If after making these assumptions, he concludes that, as a matter of law, plaintiff is not entitled to relief, he will enter an order of dismissal....
Second, he may weigh the evidence and the resultant inferences entirely in his capacity as trier of fact, rejecting evidence he does not credit, drawing what inferences he wishes (while rejecting other inferences, however permissible they may be). If, on the basis of these findings and the applicable law, he concludes that plaintiff should not prevail, he will dismiss the action.
J. W. SMITH & H. B. ZOBEL, RULES PRACTICE § 41.10 at 59-60 (1977).
Under the first approach, followed by the trial court in the instant case, the judge decides the case as a matter of law by applying the directed verdict standard to the evidence. See generally, International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847-848 (1983); Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co., 381 Mass. 1, 3-4 (1980). The court’s allowance of a Rule 41 (b) (2) motion as a matter of law constitutes a ruling that even when viewed entirely in the plaintiffs favor, the evidence is insufficient to constitute a prima facie case. Where there is any evidence to support the plaintiffs claim, the allowance of an involuntary dismissal motion as a matter of law will not be sustained on appeal. See, e.g., Brown v. Gerstein, supra at 570-571.
The second and less utilized approach to a Rule 41(b) (2) motion permits the trial judge to assess the plaintiffs evidence in his capacity as trier of fact. In so doing, the judge is not limited to a directed verdict standard of proof and “is free to weigh the evidence and resolve all questions of credibility, ambiguity and contradiction in reaching a decision.” Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., supra at 689. See also, Delano Growers’ Coop. Winery v. Supreme Wine Co., 393 Mass. 666, 676 (1985). As the allowance of an involuntary dismissal motion on this basis necessarily entails findings of fact as well as rulings of law by the trial court, such allowance will not ordinarily be set aside on appeal unless the court’s findings are “clearly erroneous” or are otherwise tainted by error of law. Ryan Elliott & Co. v. Leggat, McCall & Werner, Inc., supra at 690, 693.
3. With respect to findings, it is essential to note that Rule 41(b) (2) requires a *51 written statement of the judge’s findings and rulings upon the.entry of an involuntary dismissal. A trial judge who allows a Rule 41(b) (2) motion under either of the above methods is required to make written findings “as provided in rule 52 (a) ,”[5] Rafferty v. Sancta Maria Hospital, 5 Mass. App. Ct. 624, 630 n.7 (1977); Madden v. Malmart Mortg. Co., 1984 Mass. App. Div. 239, 242. Such requirement is an exception to the general rule that a district court trial judge is not ordinarily obligated to make findings of factnotrequired by the evidence. Dist./Mun. Cts. R. Civ. P., Rule 52 (a). See Ashapa v. Reed, 280 Mass. 514, 516 (1932).
The practical necessity of findings upon the entry of an involuntary dismissal is obvious.[6] Given the two dispositional approaches available to the trial judge,
[t] he allowance of a Rule 41 (b) (2) motion may.. signify a simple assessment of the quantity of the evidence and a resulting determination that the plaintiff has failed to satisfy its burden of proof; or may represent an adjudication of the credibility and weight of the plaintiffs evidence and a finding that the preponderance favors the defendant. The basis of a trial court’s allowance of a Dist./Mun. Cts. R. Civ. P., Rule 41(b)(2) motion obviously cannot be a matter for the conjecture or surmise of an appellate court.
Madden v. Malmart Mortg. Co., supra at 242. In setting forth the essential grounds of its decision, Willis v. Board of Selectmen of Easton, 405 Mass. 159, 161 (1989), the court should identify the Rule 41(b) (2) method of review utilized. Similarly, it would be prudent for the defendant to specify both the basis for his motion for involuntary dismissal and the method of review sought, even if both methods are sought in the alternative. The preservation of an issue of law for appellate review upon the denial of a Rule 41(b)(2) motion may well depend upon such specification. See Sellars v. Shaughnessy Crane Service, Inc., supra at 42-43. See also, Dist./Mun. Cts. R. Civ. P., Rule 64(b).
4. The trial court’s allowance of the defendant’s motion for involuntary dismissal is reversed, and the judgment for the defendant is hereby vacated.
This case is returned to the Woburn Division for a new trial.

 The trial court ruled, inter alia, that there was “no evidence” that DePalma had authority to bind the defendant corporation, or that the plaintiff furnished any labor and materials to the defendant corporation or reasonably expected payment from the defendant

 Rule 41(b) (2) of the Dist./Mun. Cts. R. Civ. P. states: “Rule 41 of the Massachusetts Rules of Civil Procedure governs procedure in the District Courts with . ..” exceptions not here relevant. Mass. R. Civ. P., Rule41 (b) (2) provides, inpertinentpart, “After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the even the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in rule 52 (at [emphasis supplied].” See note 5, infra.

 RuIe 41(b) (2) also permits the trial judge to defer any decision until the close of all the evidence.

 As Mass. R. Civ. P., Rule 41(b) governs district court procedure, it is Mass. R. Civ. P., Rule 52 (a) which applies. The rule provides: “In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law thereon [emphasis supplied].” See generally, as to nature of findings and conclusions envisioned by Rule 52(a), Schrottman v. Barnicle, 386 Mass. 627 (1982); Schwartz v. Schultz, 25 Mass. App. Ct. 941 (1988); Lindsey v. Ogden, 10 Mass. App. Ct. 142 (1980).

 The nature and scope of the Rule 52(a) findings necessary upon the allowance of a Rule 41(b) (2) motion will, of course, vary depending upon the approach taken by the trial judge in ruling as amatter of fact or law. Rule 52 findings are designed to “(1) insure the quality of ajudge’s decision making process by requiring simultaneous articulation of the judge’s underlying reasoning; (2) assure the parties that their claims have been fully and fairly considered; and (3) inform an appellate court of the basis on which a decision has been reached.” Nessralla v. Peck, 403 Mass. 757, 760 (1989). Where the defendant’s motion is allowed on the basis that the plaintiff s evidence is insufficient as a matter of law, the judge’s Rule 41(b) (2) “findings” will most often consist of a statement, however minimal, that the plaintiff has not provided sufficient evidence on an essential element of the case, and a specification of the evidentiary element(s) which has not been supported. More detailed findings would ordinarily be unnecessary for appellate review as the allowance of an involuntary dismissal motion as a matter of law will not involve “conflicts in the evidence or questions of credibility.” Simmons v. Smith, 20 Mass. App. Ct. 775, 779-780 (1985). See also, S & R Realty Corp. v. Marron, 5 Mass. App. Ct. 800 (1977) (plaintiff not prejudiced by court’s error in failing to make findings upon allowance of Rule 41(b) (2) motion where evidence insufficient to warrant finding in plaintiffs favor).