Furnari, J.
This is an action in tort to recover for personal injuries sustained by the plaintiff in a fall in the defendant^s store which allegedly resulted from the negligent maintenance of said business premises.
At the close of the plaintiff s evidence, the defendant filed a written Dist./Mun. Cts. R Civ. P., Rule 41(b) (2) motion for involuntary dismissal on the grounds that the plaintiff had failed as a matter of law to introduce sufficient evidence to permit afinding in his favor of the defendant’s negligence. The trial court allowed the defendant’s Rule 41(b) (2) motion, but made no written findings of fact.
The court’s failure to make findings upon the allowance of the defendant’s motion for involuntary dismissal was error. DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 51 and cases cited. Rule 41(b)(2) expressly mandates that “[i]f the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).”
In the absence of such findings and in view of the specific grounds of the defendant’s Rule 41(b) (2) motion, it is clear that the trial judge did not rule on the defendant’s motion in his capacity as trier of fact by “weigh [ing] the evidence and resolv[ing] all questions of credibility, ambiguity and contradiction. ...’’ Ryan, Elliott & Co. v. Leggatt, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979). See also, DeVito v. Cellular Mobile Communications, Inc., supra at 49-50. The record suggests that the trial judge instead treated the defendant’s Rule 41(b)(2) motion as one for a directed finding based on the legal insufficiency of the evidence to satisfy the plaintiff s burden of proof. The standard applicable to motions for involuntary dismissal on such grounds is whether, viewing the evidence in the light most favorable to the plaintiff, there is
anywhere in the evidence, from whatever source derived any combination of circumstances... from which a reasonable inference could be drawn in favor of the plaintiff.
Joseph Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 554 (1983).
TTie evidence before the trial court at the time of the defendant’s Rule 41(b) (2) motion was as follows: The plaintiff entered the defendant’s store to purchase paint and other items. The paint department was located in an aisle in the rear of the store and to the right side of a bank of check-out counters. The plaintiff spent about fifteen minutes examining various paint containers which were located on shelves six to eight feet in height. During this fifteen minute period, there were no other customers in that area of the store. The first check-out counter was located only fifteen feet from where the plaintiffwas standing, and the cashierworking at such check-out had aclear and unobstructed view of the paint department aisle.
When he was unable to find the household paint he wanted, the plaintiff turned to *226 his right so that he was directly facing the cashier at the first check-out. The plaintiff stepped with his right foot, slipped on the tile floor and fell, landing face up with his back touching the floor and his left leg doubled under him. When he was assisted to his feet, the plaintiff noticed that his right foot was in a shopping basket measuring 18 inches in length, 12 inches in width and between 6 and 8 inches in depth. The cashier who had been standing at the first check-out counter facing the defendant came over, picked up the storage basket and returned to her counter where she placed it in a pile of other baskets.
The plaintiff was taken by ambulance to the hospital and was diagnosed as having sustained multiple contusions to his left knee, left hip and left femur. In consequence of his injuries, the plaintiff incurred medical and hospital expenses in the amount of $1,006.00, continues to wear a left leg brace and suffered a permanent impairment of his earning capacity.
When viewed strictly in the light most favorable to the plaintiff; such evidence was sufficient, however marginally, to warrant a reasonable inference that the plaintiff’s fall was proximately caused by an obstruction in the store aisle which had been in full view of the defendant’s employee for a sufficient period of time for the defendant to have discovered and removed it in the exercise'of due care. As such evidence would permit, although not require, a finding of the defendant’s negligence, see generally, Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 166-167 (1973), the allowance of the defendant’s Rule 41 (b) (2) motion for involuntary dismissal was error.
Accordingly, the trial court’s judgment for the defendant is hereby vacated, the allowance of the defendant’s Rule 41(b)(2) motion is reversed, and this matter is returned to the Somerville Division for a new trial.
So ordered.