Coven, J.
This is an action in tort to recover for personal injuries sustained by the plaintiff in a slip and fall accident at a Burger King restaurant. The defendant has appealed the denial of its motions for a “directed finding” filed at the conclusion of the plaintiff’s case and at the close of all of the evidence.[1]
On October 4, 1991, the plaintiff, her husband and two friends stopped for breakfast at the Burger King restaurant in Dover, New Hampshire at approximately 10:15 AM. As the plaintiff rose to leave at approximately 11:00 AM.,[2] she attempted to stand up, but her chair slipped from under her. As she went to grab a chair to her left, that chair also slipped. The plaintiff fell down onto the floor, and suffered a fractured coccyx.
It was incumbent upon the plaintiff to establish that her fall and resulting injuries were proximately caused by a dangerous or defective condition on the defendant’s premises which the defendant negligently created or failed to remedy. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 166-167 (1973). The only evidence of the condition which allegedly caused the plaintiff to fall was testimony elicited from the plaintiff’s husband on direct examination.
Mr. Rauseo: What did you observe at that time?
Plaintiff’s Husband: I noticed there was a substance there which I thought to be a wax build-up.
Mr. Donahue: Objection, Your Honor. Move to strike.
Mr. Rauseo: Your Honor, I can lay a foundation for this statement.
The Court: He noticed a substance on the floor. Next question.
The trial judge neither expressly ruled on the defendant’s objection and motion to strike the statement as to a wax build-up, nor requested or permitted plaintiff’s counsel to lay a foundation for such testimony. It is, therefore, not surprising that the parties disagree as to what, if any, evidentiary ruling was made by the trial court. Defendant’s counsel argues that the trial judge effectively sustained his objection and struck the testimony as to a wax build-up, while plaintiff’s counsel contends that the judge overruled defendant’s objection and allowed the testimony.
The trial judge’s evidentiary ruling is ambiguous. As the plaintiff’s husband’s testimony constituted the only evidence offered by the plaintiff on the critical ele *53 ments of causation and negligence, the exclusion of such evidence would have required a finding for the defendant as a matter of law. Given the uncertainty as to whether the trial judge actually admitted or excluded such evidence, a new trial is in order.
Accordingly, the trial court’s judgment for the plaintiff is hereby vacated. This action is returned to the Malden Division for a new trial.
So ordered.

While these motions were incorrectly captioned as motions for a directed finding, they in fact constituted Dist./Mun. Cts. R. Civ. R, Rule 41(b) (2) motions for involuntary dismissal which tested the sufficiency of the plaintiff’s evidence. DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 49.

The time of departure does not appear in the draft report, but the parties stipulated at oral argument to such time.