Greco, J.
This is a Dist./Mun. Cts. RADA, Rule 8A appeal by the plaintiffs of the trial courts Mass. R Civ. P., Rule 41(b) (2) judgment of dismissal.
The plaintiffs’ claim arose out of a one-car motor vehicle accident in Woburn, Massachusetts in an area of Route 93 which was then in the process of being repaved. In order to avoid contact with a construction barrel, plaintiff Suzanne DeCicco swerved to the right, then to the left and struck the guard-rail in the median. She sued defendant D&R General Contracting, the general contractor for the paving project who had placed the barrel on the highway.
At the close of the plaintiffs’ case, the defendant moved for an involuntary dismissal pursuant to Mass. R. Civ. E, Rule 41(b) (2). As he indicated in his Finding and Order, the trial judge did not restrict himself to the directed verdict standard in ruling on the defendant’s motion, but instead, as was the judge’s prerogative, “weigh [ed] the evidence and resolv[ed] all questions of credibility, ambiguity and contradiction in reaching a decision.” Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979). See Delano Growers’ Coop. Winery v. Supreme Wine Co., 393 Mass. 666, 676 (1985); Oyegbola v. DeSimone, 1996 Mass. App. Div. 67, 70-71. See also Devito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 49-50 for a general discussion of the options available to a trial judge in deciding a motion for involuntary dismissal.
As required by Rule 41(b) (2), the trial judge made findings of fact. Sugarman v. Malkemus, 1997 Mass. App. Div. 64, 66; Raviv v. K-Mart Corp., 1993 Mass. App. Div. 225. An allowance of a Rule 41(b) (2) motion to dismiss “will not ordinarily be set aside on appeal unless the court’s findings are ‘clearly erroneous’ or are otherwise tainted by error of law.’’ Devito v. Cellular Mobile Communications, Inc., supra at 51. A finding of fact will not be deemed clearly erroneous “unless the reviewing court on the entire evidence is left with the firm conviction that a mistake has been committed.” Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509 (1997); Ann & Hope, Inc. v. Muratore, 42 Mass. App. Ct. 223, 227 (1997). We are left with no such conviction in this case.
The trial judge’s subsidiary findings of fact mirror the undisputed facts set forth in the plaintiffs’ “Expedited Appeal.” On the basis of those subsidiary facts, the trial judge concluded that there was “ample room” for plaintiff Suzanne DeCicco to pass the construction barrel and still remain in her lane of travel, and that she lost control of her vehicle and hit the guard-rail because of her own negligence in “trav-elling at such a rate of speed and with such a lack of attention that she failed to notice this particular barrel until she was upon it.” These findings were amply sup *204 ported by the undisputed evidence that the plaintiff was travelling at 55 MPH on a roadway under construction, that it was daylight, that the plaintiff was familiar with the area and aware of the construction, that the barrel in question was no more than two feet into the travel lane, that there was nothing obstructing the plaintiffs line of sight, and that the car ahead of her had passed through the same area without incident.
There being no error, the court’s dismissal of the action is affirmed. The plaintiffs’ appeal is dismissed.
So ordered.