Coven, J.
This is an action pursuant to G.L.c. 140, §155, the Massachusetts dog bite statute. The trial court allowed the defendant’s Mass. R. Civ. R, Rule 41(b) (2) motion for involuntary dismissal at the close of the plaintiff's evidence, and the plaintiff has appealed pursuant to Dist/Mun. Cts. R. A. D. A., Rule 8C.[2]
Plaintiff William P. Burgess has been a mail carrier for more than ten years. On December 13,1996, he delivered mail to 150 Shepard Street in Lynn, Massachusetts. The mailbox at that address hung on the outside of a fence in front of the house. The plaintiff was aware that three dogs were kept behind the fence at that house because he had seen the dogs on previous occasions when he was delivering mail. As he approached the fence on the day in question, the plaintiff could see only two of the dogs. The third dog was in fact in the yard, but was lying against *82 the base of the fence where it could not be seen. As the plaintiff attempted to put mail in the box, the third dog jumped up from behind the fence and bit him on the left hand. Photographs of the dog, the house, and the fence and mail box were introduced into evidence.
The plaintiff testified at trial that the dog that bit him was a husky which he had seen on prior occasions confined behind the fence at 150 Shepard Street, a single family house. He further testified that he had delivered mail addressed to the defendant at that home. In his answer to the plaintiffs amended complaint, the defendant admitted that he resided at 150 Shepard Street. The admission was not introduced into evidence. See G.L.C. 231, §87.
At the close of the plaintiff's evidence, the defendant filed a motion for involuntary dismissal of the case on the grounds that (1) the plaintiff failed to allege and prove that he exercised due care at the time of the incident, and (2) the plaintiff failed to prove that the defendant owned the dog. The trial court ruled in favor of the plaintiff on the first ground, but ruled in favor of the defendant on the second ground, allowed the defendant’s motion and entered a judgment of dismissal. Both the defendant’s Rule 41(b) (2) motion and the court’s findings thereon were specifically limited to the issue of the defendant’s ownership of the dog. The court found that “no evidence has been presented by the plaintiff establishing ownership of the dog in the plaintiff’s presentation of proof and on that basis the defendant’s motion to dismiss is allowed.” The court made no findings as to whether the defendant was the keeper of the dog.
1. It is clear from the trial judge’s findings that he treated the defendant’s Rule 41(b) (2) motion as a request for a required finding or ruling of law that the plaintiff’s evidence was insufficient as a matter of law to satisfy his burden of proof.[3] It is equally clear that both the defendant’s motion and the trial judge’s ruling thereon were limited to the issue of the sufficiency of the plaintiff’s evidence to establish the defendant’s ownership of the dog in question.
2. Pursuant to G.L.c. 140, §155, however, a defendant may be held liable for a dog bite if he is either the owner or the keeper of the dog. The statute states:
If any dog shall do any damage to either the body or property of any person, the owner or keeper, or if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, was teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action [emphasis supplied].
The statute is expressly phrased in the disjunctive in that it imposes strict liability *83 for any injuries resulting from a dog bite on the owner or the keeper of the dog. Malchanoff v. Truehart, 354 Mass. 118, 123 (1968); Rossi v. DelDuca, 344 Mass. 66, 68-69 (1962). Thus proof of ownership alone has been held sufficient to permit a finding for the plaintiff. See, e.g., Koller v. Duggan, 346 Mass. 270, 272 (1963); Curran v. Burkhardt, 310 Mass. 466, 467-468 (1941). Conversely, evidence that the defendant was the keeper of the dog, without more, has been deemed a proper basis for a determination of liability. See, e.g., Anderson v. Middlebrook, 202 Mass. 506, 509 (1909). “[H]arboring with an assumption of custody, management and control of the dog” has been held “intrinsic to the definition of keepership.” Brown v. Bolduc, 29 Mass. App. Ct. 909, 910 (1990), quoting from Maillet v. Mininno, 266 Mass. 86, 89 (1929). It is error for a court to direct a verdict or finding against the plaintiff in a G.L.c. 140, §155 case where there is evidence of either ownership or keepership. Caravan v. George, 292 Mass. 245, 249 (1935).
3. In the instant case, the court’s Rule 41(b) (2) findings were expressly based solely on the insufficiency of the plaintiffs evidence to establish that the defendant was the owner of the dog in question. The ruling did not address the issue of whether the defendant was the dog’s keeper. Rule 41 (b) (2) findings are designed not only to “assure the parties that their claims have been fully and fairly considered,” but also to “inform an appellate court of the basis on which a decision has been reached.” Devito v. Cellular Mobile Communications, Inc., supra at 51 n.6, quoting from Nessralla v. Peck, 403 Mass. 757, 760 (1989). The absence of additional Rule 41(b) (2) findings on the second statutory basis for liability indicates that the court failed to consider the plaintiff’s G.L.C. 140, §155 claim in its entirety.
Accordingly, the trial court’s judgment for the defendant is vacated, its allowance of the defendant’s motion for involuntary dismissal is reversed, and this action is returned to the Lynn Division for a new trial.
So ordered.

 Due to a malfunction of the Lynn Division recording equipment, the plaintiff was unable to obtain a tape and to have a transcript prepared. Upon notice from the court that the tape was unavailable, the plaintiff properly submitted a Statement of the Evidence and Proceedings pursuant to Rule 8C(e), and the defendant thereafter filed his objections in the form of an alternative statement. The statements differed with respect to one critical fact; namely, whether the plaintiff had testified at trial that he had delivered mail addressed to the defendant at 150 Shepard Street. The plaintiff’s statement recited that he had so testified; the defendant claimed that there was no such testimony. The disputed fact is significant because testimony that the defendant was the resident of 150 Shepard Street would have permitted an inference, in opposition to the defendant’s Rule 41(b) (2) motion, that the defendant was the keeper of the dog in question.
As a Rule 8C Statement takes the place of a transcript on appeal, Patten v. Mayo, 23 Mass. App. Ct. 657, 659 (1987), a resolution of such disagreements between the parties as to trial court evidence and proceedings is essential. Rule 8C(e) in fact mandates that the appellant’s statement and any objections or proposed amendments “be submitted to the trial court for settlement and approval....” The parties herein properly submitted their competing statements. The trial court, however, accepted and approved both statements without any resolution of the factual dispute. In reviewing the court’s allowance of the defendant’s involuntary dismissal motion, we view the evidence set forth in this uncertain record in the light most favorable to the plaintiff. See generally Enrich v. Windmere Corp., 416 Mass. 83, 84-85 (1993).

 Two alternatives are available to a trial judge faced with a Rule 41 (b) (2) motion for involuntary dismissal. Devito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 50. Viewing all evidence in the light most favorable to the party with the burden of proof, the judge may, as in the instant case, rule on the motion as a matter of law, determining the sufficiency of the evidence to satisfy the non-moving party’s burden. See, e.g., Barricelli v. Burger King Corp., 1994 Mass. App. Div. 52 n.1; Raviv v. K-Mart Corp., 1993 Mass. App. Div. 225. Alternatively, the judge may rule on the motion in his capacity as trier of fact, weighing the evidence and resolving all questions of credibility, ambiguity and contradiction in rendering a judgment. Palomo v. Autobarn, Ltd., 23 Mass. App. Ct. 919 (1986). See, e.g., DeCicco v. D & R General Contracting, Inc., 1997 Mass. App. Div. 203; Oyegbola v. DeSimone, 1996 Mass. App. Div. 67, 70-71.