Coven, J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8C, appeal of the trial court’s judgment for the defendant-tenant on the plaintiff’s summary process complaint for possession of leased premises.
The plaintiff is the agent of Longfellow Glen Associates which owns and operates a project based housing complex in Sudbury, Massachusetts which is subsidized under Section 8 as administered by the Massachusetts Housing and Finance Administration (“MHFA”). The defendant has been a tenant in that complex since signing a lease on February 21,1995.
Beginning in 1997 and continuing to April 28, 1998, when the plaintiff issued a notice to quit, the defendant had difficulties paying her rent in a timely fashion because of medical costs she incurred following surgery for her daughter. Her rental payment of $144.00 was late eleven times in the twelve months prior to trial. Her rent was three months in arrears at the time the notice to quit was served.
In January, 1998, the plaintiff sent the defendant a notice asking her to sign a revised Occupancy Agreement. The defendant contacted an MHFA representative to discuss the revisions. Three subsequent notices requesting her signature of the Agreement were sent to the defendant. She testified at trial that she returned the revised Agreement to the plaintiff, but the plaintiff claimed that it still had not received it as of the time of trial.
The lease requires the defendant to report her income to the plaintiff each year. Her annual income certification for 1997 occurred on November 15, 1997. The defendant reported that, at that time, she was receiving child support and had no other income. After completing her income certification, the defendant was hired for some part-time work for which she received a total of $89.28 in 1997. She earned an additional $361.68 for work performed between January 1, 1998 through April 28,1998, the date of the notice to quit. The grand total of this extra income as of the time of trial was $595.73. The defendant did not report this income in the mistaken belief that she was not required to report such a small sum until her next yearly recertification date. Prior to trial, the defendant offered the plaintiff the additional rent she owed based on the increase in her income.
On April 28,1998, the plaintiff sent the defendant a Notice Terminating Tenancy for three violations of the Occupancy Agreement; namely (1) consistent late payment of rent; (2) failure to execute a revised lease; and (3) failure to report income/fraud.
After trial, the court entered a judgment in the plaintiff’s favor for possession on the mistaken grounds that as the defendant had not executed the revised Occupancy Agreement, her tenancy was not subject to MHFA or federal housing regu *272 lations requiring the plaintiff to demonstrate “good cause” or “material noncompliance with the occupancy agreement” as a basis for evicting the defendant, and that the plaintiff was thus entitled to possession merely upon the issuance of the notice to quit to the defendant.
Recognizing that the court’s initial ruling and judgment were in error because the defendant’s failure to sign the new lease agreement did not obviate the eviction requirements of the existing Occupancy Agreement, both parties filed motions for reconsideration. Upon reconsideration, the court entered the following findings and rulings:
After reconsideration, the defendant’s motion is allowed and the plaintiff’s motion is denied. In light of the severity of the consequences of eviction of the defendant from subsidized housing as well as the absence of a showing by the plaintiff of any adverse financial impact, the plaintiff has failed to establish such material noncompliance with the Occupancy Agreement by the defendant or other good cause sufficient to warrant the termination of the defendant’s tenancy.
1. The provisions of the Occupancy Agreement governing termination of a tenancy state:
G. MANAGEMENT AGREES...
10. To terminate Agreement or to evict Resident for no reason other than the following:
a. nonpayment of rent.
b. other material noncompliance with this Agreement, which term shall include (1) one or more substantial violations of this agreement; or (2) repeated minor violations of this Agreement which disrupt the livability of the project, adversely affect the health or safety of any person or the right of any Resident to the quiet enjoyment of the leased premises and related project facilities, interfere with the management of the project or have an adverse financial effect on the project.
c. other good cause provided Management has given Resident thirty (30) days prior notice that the grounds for cause constitute a basis for termination of the tenancy.
The provisions of the Occupancy Agreement upon which the plaintiff relies as grounds for eviction of the defendant state:
I. Consistent Late Payment of Rent.
A RENT.
Resident’s rent shall be payable in advance on the first day of each month for that month.
F. RESIDENT AGREES
(1) To pay rent on the first day of each month except as modified by Paragraph G(4) hereafter. It is understood that repeated late payment of rent when due constitutes a breach of this Agreement sufficient to justify its termination.
G. MANAGEMENT AGREES
(4) To allow Resident for good cause shown including the timing of *273 welfare or benefit payments to pay portions of rent more frequently than once monthly in accordance with the scheduled receipt of such welfare or benefit payments.
II. Failure to Execute Lease.
K GENERAL PROVISIONS.
(3) Management may, with the prior approval of MHFA, change any or all terms and conditions of the Agreement... by serving an appropriate notice on the Resident.... This notice and offer must be given to Resident at least sixty (60) days prior to the effective date of the change. Resident within ten (10) days of receipt of such notice must either accept the modified terms and conditions by executing the offered revised Agreement or addendum, or reject the modified terms and conditions.... Failure of Resident to execute the modification or to offer to terminate his tenancy shall be grounds for eviction.
III. Failure to Report Income.
O. PENALTIES FOR FAILURE TO REPORT OR FOR SUBMITTING FALSE INFORMATION.
If resident deliberately fails to report or falsely reports information regarding family composition or other data on which Resident’s eligibility or rent is determined, and as a result is charged rent less than the amount required by applicable subsidy rules, Resident agrees to reimburse Management for the difference between the rent that should have been paid and the rent that was charged. In addition, resident may be subject to eviction and subject to penalties under federal and/or state law.
Contrary to the plaintiffs assertions, the latter provisions F, K and 0 did not require the trial judge as a matter of law to evict the defendant pursuant to the provisions of paragraph G.10. Rather, evidence of violations of the rent, lease renewal or income reporting requirements would constitute a permissible basis upon which a trial judge could find nonpayment of rent, material noncompliance with the Occupancy Agreement or other good cause for the plaintiffs termination of a tenancy. These provisions set forth sufficient grounds to evict a tenant, but do not mandate such eviction.
What these provisions do not set forth is the specific standard the defendant suggests was correctly utilized by the trial judge in deciding the issue of possession in favor of the defendant herein. We find nothing in the Occupancy Agreement, statutes or regulations to support the defendant’s argument that the trial judge’s ultimate finding must be affirmed as a proper balancing of the harm to the tenant of losing her subsidized housing versus the financial harm suffered by the plaintiff-landlord. Cf. Spence v. Gormly, 387 Mass. 258, 275 (1982).
2. Nor can the trial judge’s ultimate conclusion of law be sustained. The court’s determination that the plaintiff failed to establish grounds “sufficient to warrant” the termination of the defendant’s tenancy amounted to a ruling of law that the plaintiffs evidence was insufficient to satisfy its burden of proof, and that a general finding for the defendant was required as a matter of law. Such a ruling on the insufficiency of the plaintiff’s evidence would have been proper only if no evidence had been adduced at trial to support a finding for the plaintiff or from which a reasonable inference in favor of the plaintiff’s position could have been drawn. See Joseph Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 554 (1983); DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 48-49. *274 The record before us, however, clearly indicates that the plaintiff advanced some evidence of the defendant’s chronically late rent payments, failure to execute a revised Occupancy Agreement, or failure to disclose minimal additional income in support of its burden of proof.
Accordingly, the trial court’s judgment for the defendant is vacated, and this case is returned to the Framingham Division for a new trial.
So ordered.