CARL URANECK *vs.* JAMES J. LIMA, JR., & another. April 30, 1971. The plaintiff's action is in tort for assault and battery. Jury verdicts were returned for the defendants, police officers of the town of Lexington. The case is here on the plaintiff's exceptions to the denial of his motion for a view, to the refusal of the trial judge to give certain requested instructions, and to certain instructions as given; and on the defendants' exceptions to the denial of their motions for directed verdicts. The plaintiff sustained serious injuries when struck by a bullet fired from the gun of one of the defendant police officers while fleeing from arrest after a nighttime "chase" on a public highway at speeds as much as 100 miles an hour. There was evidence which warranted a jury in finding that the defendants were attempting to capture and arrest the plaintiff and an accomplice after the commission of a felony (larceny of a motor vehicle), *Commonwealth* v. *Grace*, 265 Mass. 119, that the shooting was unintentional resulting from the deflected bullet of a "warning shot," that the defendants were not guilty of reckless conduct or use of excessive force, and that the plaintiff assumed the risk of injury. No useful

purpose would be served in a detailed discussion of the evidence in this ·case, nor would an analysis of the numerous exceptions argued by the plaintiff. In one of his principal contentions the plaintiff urges that the trial judge in his instructions should have distinguished between a serious and nonserious felony in the use of a firearm by a police officer while attempting an arrest. The trial judge refused to so instruct the jury and we concur with his decision. The law in this Commonwealth makes no such distinction and no persuasive authority for such rule has been brought to our attention. See G. L. c. 274, § 1; *Powers* v. *Sturtevant*, 199 Mass. 265; *Commonwealth* v. *New York Cent. & H. R. R.R.* 206 Mass. 417, 420. We find no substance to the other exceptions. A careful examination of the judge's charge reveals that most of the requested instructions were given in substance and that the others were properly denied. The plaintiff's motion for a view was addressed to the sound discretion of the judge and we conclude that his denial of the motion was not arbitrary or capricious. In view of what we have said there is no need to rule on the defendants' exceptions (which were expressly waived in the event the plaintiff's exceptions were overruled).

> *Plaintiff's exceptions overruled.*
> *Defendants' exceptions waived.*

*Kirk S. Giffen (John J. Bohan* with him) for the plaintiff.
*Joseph J. Hurley (Daniel A. Lynch* with him) for the defendants.