ANNIE P. SILVA, administratrix, *vs.* MANUEL L. PEREIRA & another
(and a companion case[1]).

Bristol.    April 11, 1973. — June 25, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Contract,* Promise to pay when able. *Debt. Practice, Civil,* Exceptions: contents of bill; opening to jury; ordering verdict. *Evidence,* Admissions and confessions.

Upon a bill of exceptions in the narrative form in an action, this court could not consider a transcript of the trial presented to it with the bill or statements of evidence contained in the briefs but not in the bill. [369]

The trial judge in an action cannot be required to direct a verdict for the defendant on the plaintiff's opening. [370-371]

Statements made by the plaintiff's counsel in his opening in an action were interpreted by this court as being merely statements of expected proof and not as admissions binding on the plaintiff. [371]

There was no error in denial of a motion for a directed verdict for the defendant in an action to recover the amount of a loan to the defendant whether the loan was repayable when the defendant "could afford to" repay where there was evidence of a present ability of the defendant to do so, or no time had been specified for repayment so that it would have been due in a reasonable time. [371-372]

TWO ACTIONS OF CONTRACT.    Writs in the Second District Court of Bristol and the Third District Court of Bristol, dated June 10, 1966.

Upon removal to the Superior Court, the actions were tried before *Ponte,* J.

---

[1] Annie P. Silva, administratrix, *vs.* Joseph V. Medeiros & another.

*James S. Seligman* for the defendants.

*William F. Long, Jr.* (*Pearl H. Mekelburg* with him) for the plaintiff.

HALE, C.J.    These are two separate actions of contract.[2] The cases were tried together before a Superior Court judge and jury. The jury returned a verdict for the plaintiff in the Pereira case in the amount of $2,500 and in the Medeiros case in the amount of $1,500. The cases are before us on the defendants' consolidated bill of exceptions.

The bill is in narrative form and does not purport to be an outline bill of exceptions, nor does it meet the requirements of S. J. C. Rule 1:22, 351 Mass. 742.[3] The bill asserts that it contains all the evidence material to the questions presented. The bill and the briefs make frequent references to particular pages of the trial transcript which was transmitted to this court along with the bill. We must, however, deal with these cases as presented by the narrative form of bill, and we cannot consider the transcript or statements of evidence contained in the briefs which are not to be found in such bill. *Sarkesian* v. *Cedric Chase Photographic Labs. Inc.* 324 Mass. 620, 623. From a rather meager record we summarize the facts, in their aspect most favorable to the plaintiff, drawing all permissible inferences therefrom in favor of the plaintiff, inasmuch as our decision is concerned with the correctness of the judge's denial of the defendants' motions for directed verdicts.

The plaintiff is the widow and administratrix of the estate of Antone M. Silva (the decedent). In 1959 the decedent delivered $5,000 to his daughter and son-in-law, Albertina and Manuel Pereira, for the purpose of aiding them in the purchase of a home. In 1964 he delivered $3,000 to his daughter and son-in-law, Lucy and Joseph Medeiros,

---

[2] The declarations alleged that the defendants owed the plaintiff, in her capacity as administratrix, the sums of $5,000 in the case of the Pereiras and $3,000 in the case of the Medeiroses for money lent by the plaintiff's intestate to the defendants. The defendants each answered by general denial. Additional answers filed by the defendants were waived.

[3] Appeals Court Rule 1:22 had not been adopted at the time this bill of exceptions was filed and allowed.

for the same purpose. Each couple used the money as a down payment on the home which it was occupying at the time of the trial. The jury could have found that these sums were delivered to the defendants as loans, and not as gifts as claimed by the defendants, repayable when the defendants "could afford to." Alternatively, the jury could have found that the time for repayment was not specified. Interest was paid by the defendants to the decedent. The decedent died on June 11, 1965, and these actions were commenced on June 10, 1966. No demand for payment was made by the plaintiff other than that implicit in the bringing of these actions. The record discloses the defendants' family incomes and dependents as well as the purchase price paid for their homes, the cost of improvements, and the balance of the mortgage on each of the properties. Also disclosed are the monthly rental income received by the Pereiras from a property other than their home and the monthly amounts paid by them for principal, interest, and taxes.

The plaintiff's counsel stated in his opening that he would attempt to prove that the sums of money turned over by the decedent to the defendants were loans upon which interest was to be paid twice yearly and that the principal would be repayable "when [they] can or when [they] would be able." No mention was made in the opening that the defendants in either case were able to make repayment. The judge, after a motion by the defendants for a directed verdict in each case, gave the plaintiff's counsel an opportunity to enlarge on his opening. The plaintiff's counsel elaborated on certain areas of his opening but made no mention of the defendants' ability to repay. The defendants' counsel then renewed his motions and excepted to their denial. At the conclusion of the evidence the defendants' counsel again moved for directed verdicts. All motions were denied, and the defendants excepted.

1. There was no error in the denial of the motions for directed verdicts which were presented after the opening. "A judge cannot be required to direct a verdict on an opening. While he may do so if satisfied that the plaintiff cannot present evidence to establish his case, *Douglas* v.

*Whittaker,* 324 Mass. 398, 399-400, the judge likewise in his discretion, before passing on the question, may prefer to have the plaintiff's case, or the whole case, presented on actual evidence rather than to rule on a statement of counsel which may not represent what the actual evidence will be." *Perry* v. *Carter,* 332 Mass. 508, 509. See *Meeney* v. *Doyle,* 276 Mass. 218, 221.

2. The defendants contend that the plaintiff was bound by her testimony and by the opening statements of her counsel that the loans were to be repaid when the defendants "could afford to." Inasmuch as the record does not disclose the testimony of the plaintiff, we have no way of determining if that testimony contained any binding admissions. We therefore examine only the question of the possible binding effect of the statements made by the plaintiff's counsel in his opening. Statements made by counsel may have the force of a binding admission. *McMahon* v. *Lynn & Boston R.R.* 191 Mass. 295, 299. However, "[o]penings commonly are not made for the purpose of expressing admissions, and, as the trial progresses, there may be changes in the contentions of counsel." *Mercier* v. *Union St. Ry.* 230 Mass. 397, 406. The plaintiff was entitled to prove facts at the trial in support of a theory different from, or inconsistent with, the theory of the case stated in his opening, if, as here, the proof offered was competent under the pleadings. *Minchin* v. *Minchin,* 157 Mass. 265. There was nothing in the opening which requires us to construe counsel's statement as to the repayment provisions of the loan as an admission binding on his client. We consider the opening statement to have been only a statement of expected proof.

3. We turn to the question whether on all the evidence the motions for directed verdicts were properly denied. The defendants argue that the motions should have been allowed as the plaintiff failed to present any competent evidence from which the jury could have found that the defendants were able to pay the loans. A promise to pay when the debtor should be able (or when he "could afford to") is conditional and enforceable only on proof that such

ability exists. *Randidge* v. *Lyman,* 124 Mass. 361, 364. *Smith* v. *Graham Refrigeration Products Co. Inc.* 333 Mass. 181, 184. "On proof that the defendant has come into possession of funds sufficient to warrant payment of the . . . [loans] the plaintiff's right to recover is established." *Smith* v. *Graham Refrigeration Products Co. Inc., supra,* at 186. The record in this case discloses that there was evidence before the jury from which they could have found a present ability on the part of the defendants in each case to pay the amount of their loan.

The judge, after charging the jury on the basic question whether the money was delivered to the defendants as loans or as gifts, charged with respect to when loans, the repayment of which was conditioned on the defendants' ability to pay, would become due and payable. He further charged that the jury would be required to find for the defendants in each case if they found such defendants were not able to pay. No exception was taken to the judge's charge on this issue.

Moreover, the jury were not required to accept the evidence that the payment of the loan in each case was conditioned on the defendants' ability to pay. They could have found on the evidence that the loans were made without a defined time for repayment. In such a case the loans would become due in a reasonable time. See *Cohen* v. *Wintman,* 236 Mass. 471, 472; *Warren* v. *Ball,* 341 Mass. 350, 352-353. The judge also charged the jury on this alternative, and no exception was taken to that portion of the charge.

We hold that on this record cases for jury determination were made out and that the motions for directed verdicts were properly denied. No question has been raised or argued that the amounts of the verdicts were inconsistent with the evidence.

*Exceptions overruled.*