Aguiar, J.
This appeal raises the issue of whether a contractor is entitled to recover from a homeowner where there is no written contract between the contractor and the homeowner.
We find no error.
This appeal further raises the issue of whether the trial court erred in refusing to find for the defendant-appellant under the provisions of Mass. G.L.c. 93A
We find no error.
In or about May 1994, the plaintiff, contractor, provided the defendant, homeowner, with a written cost estimate of $70,775.00 for a proposed home improvement project at the defendant’s home. Prior to retaining the contractor, significant changes were made to the size and scope of the job.
The contractor did not provide a revised cost estimate for the new job. The homeowner retained the contractor to perform the remodeling work. No written contract was entered into between the homeowner and the contractor. Work commenced on the homeowner’s residence in or about the first week of September, 1994, and proceeded up through the latter part of December, 1994, during which time the homeowner paid the contractor the sum of $90,000.00. The contractor submitted a final bill in the amount of $18,733.00 which the homeowner refused to pay.
Trial was held in the Orleans District Court on July 18 and 19, 1996 and judgment was entered on July 25,1996 for the plaintiff on Count III, in quantum meruit, in the amount of $13,460.00. After the close of the evidence, defendant’s counsel filed an affidavit of attorney’s fees setting forth fees in the amount of $5,591.50.
Defendant had argued that the absence of a written contract violates the provisions of M.G.Lc. 142A, §2, and that recovery should be denied. Defendant further argued that a violation of c. 142A is also a violation of c. 93A thereby entitling the homeowner to an award for attorney fees.
The trial court ruled that G.L.C. 142A does not bar recovery in this case notwithstanding the fact that no written contract was made.
The court further found that there was no unfair or deceptive act or practice, in violation of G.L.C. 93A, §2.
The specific provisions of Mass. G.L.c. 142A which were raised by Tettlebach at trial in this case are found in Section 2 of the statute. That section provides that “every agreement to perform residential contracting services in an amount in excess of one thousand dollars shall be in writing and shall include” certain documents and information. The last sentence of Section 2 provides, further, that contracts which fail to comply with the requirement of this section shall not be invalid *71 solely because of noncompliance. The court found that a contract which fails to comply with the provisions of Mass. G.L.c. 142A, §2 is not, as a matter of law, rendered invalid.
We find that the trial court correctly found that the contract between Mellin and Tettlebach was not invalid under Mass. G.L.c. 142A because it was oral and, therefore, Mellin could recover for Tettlebach’s non-payment.
The court found that quantum meruit is available as a theory of recovery in the absence of a home improvement contract in writing. We agree with the court While Section 2 does require such contracts to be “in writing,” there is no provision within that statute which invalidates or prohibits enforcement of an oral contract. The legislature could have included language such as “no recovery shall be permitted” or “no action to enforce shall be allowed” on contracts which do not comply with the provisions of Section 2, but it chose not to include such limiting language within that section. Additionally, to allow recovery in quantum meruit or for breach of an oral contract notwithstanding the provisions of Mass. G.L.C. 142A, §2 is consistent with other cases in which recovery has been allowed to avoid unjust enrichment. See Barber v. Fox, 36 Mass. App. Ct. 525, 632 N.E. 2d 1246 (1994).
The finding by the trial court in this case also supports the long-standing general principle that a contractor should be allowed restitution under a theory of quantum meruit “if he can prove both substantial performance of the contract and an endeavor on his part in good faith to perform fully.” Andre v. Maguire, 305 Mass. 515, 26 N.E. 2d 347 (1940).
The trial court’s conclusion that there was no unfair or deceptive act or practice within the meaning of Mass. G.Lc. 93A is supported by the evidence and cannot be disturbed unless clearly erroneous. R.D. Drywall, Inc. v. Shirazi, 1993 Mass. App. Div. 216 (1993).
Since the very language of Mass. G.L.c. 142A, §2 provides that an oral contract is not invalid, it cannot be found that Mellin violated any terms of the statute. The trial court found no evidence that Tettlebach was victimized in any way by any unfair or deceptive act or practice but, instead, received exactly that work for which she had contracted.
For all of the above reasons we find there was no error and the appeal is dismissed.