Welsh, J.
This is a civil action in which plaintiff (landlord) claims rent due under an oral contract for the lease of commercial premises in the City of Taunton.
The action was entered on March 16, 2001. A motion for summary judgment was filed by the landlord pro se on June 6,2001. The complaint and the affidavits accompanying the motion set forth the following scenario:
Defendant needing a new location for his automotive business, entered into an oral agreement to lease the landlord’s premises at 175 Broadway in Taunton at a monthly rate of $1,000 on an “at will” basis. Late in June of2000, the tenant moved his products in, taking possession of the premises. According to Hie plaintiffs affidavit the defendant remained in possession of the premises until February of2001, at which time he removed his possessions and left the premises. The affidavit states that he paid no rent for the seven months that he remained in possession and that the sum of $7,000was owed.
On the date on which the landlord’s motion for summary judgment was scheduled for hearing, the tenant filed opposing affidavits stating that he informed a Mr. Roderick and later Mr. Bloom that his intended purpose for leasing the premises was the sale of used cars and trailers; that the agreed rent was $600-$650 per month; that the premises were not in “habitable” (sic) condition atthe time oftheagreementand that substantial repairs were required to make the premises suitable for the intended use; that Roderick had informed the tenant that he need not pay rent until he obtained a Class II Used Car license for the premises; that tenant's application to the City of Taunton was thwarted because landlord refused to sign an application for site plan approval, being chary of the cost The defendant alleged frustration of purpose as a defense to the claim for rent
We vacate the order for summary judgment and remand the case for trial or other disposition.
1. It is axiomatic that two factors must coalesce to warrant the granting of summary judgment namely, the absence of a genuine issue of material feet and entitlement under tiie law to judgment in fevor of the party to whom it is awarded. Community National Bank v. Dawes, 369 Mass. 550, 556 (1976). “[I]f the moving party shows that there is no genuine issue for trial, the opposing party must respond and allege specific feds which establish that there is a genuine, triable issue, or summary judgment will be entered against him....” Id. at 554 There is not; nor can there be, any dispute as to the governing legal prindples; it is in application to the circumstances upon which the parties differ.
2. The opposing affidavits were filed and served the day of the hearing, in contravention of Rule 56(c), Mass. R Civ. P.[1] The landlord rightly argues that the motion judge was not obliged to consider the late-filed affidavits and could properly disregard them. See LoCicero v. Harvard Insurance Group, 25 Mass. App. Ct 339 (1988); compare U.S. Trust Co. v. Kennedy, 17 Mass. App. Ct. 131, 137 (1983) (“When the party offended by the rules violation is prejudiced, it is error not to reject the tardily filed affidavit”) The problem with the landlord’s contention is that it is unclear whether or not the judge accepted or rejected the late filed affidavits. The motion judge filed no memorandum indicating the basis for the allowance of the motion for summary judgment He was not legally required to do so. See MacLean v. Delinsky, 407 Mass. 869, 878 n.5 (1990), Tiffany v. Sturbridge Camping Club, Inc., 32 Mass. App. Ct. 173, 178 n.6 (1992). The transcript of the hearing does not reflect a rejection by the judge of the late filed material, nor any other manifestation that he did not intend to consider the tardy affidavits in ruling on the motion for summary judgment The judge heard testimony and allowed into evidence without objection evidence of the city’s requirements for site plan approval before a used car license could be granted, which was *164 some evidence tending to establish the tenants proffered defense of aMure of a condition precedent and/or frustration of contractual purpose. There was, to be sure, conflicting testimony from the landlord on those issues. While it is anomalous for the judge to hear testimony on a motion for summary judgment, it is not unheard of although it is rarely done. See Makino, U.S.A., Inc. v. Metlife Capital Credit Carp., 25 Mass. App. Ct. 302, 318 (1988). The material in the opposing affidavits would raise issues of feet that are material to the case by averring conÉding essential terms to tire admittedly oral contract, including, but not limited to, a different amount of rent, and whether there was an express or implied agreement that a license from the city be granted for the use of the premises as a condition of liability for rent
3. Landlord argues alternatively that tire counter-affidavits are largely based upon hearsay that would not be competent as evidence at a trial He also suggests that Mr. Roderick, who was the person who brought the parties together, was not shown to have authority to act in the matter on behalf of the landlord. At the hearing, Roderick testified without objection on his role. While the testimony conflicts with the position taken in the opposing affidavits, no challenge appears to have been made as to his authority. Focusing on the counter-affidavits, it is certainly true that Mr. Roderick allegedly made certain statements which support the tenants position and there is a paucity of averment directly on the issue of his authority The fynchpin whether these out-of-court statements by Roderick, if true, would bind the landlord is whether there was apparent or ostensible authority The appellee correctly argues (1) the affidavit must be based on personal knowledge of the affiant and (2) the affidavit must demonstrate that the affiant was competent to testify to such matters at triaL Stated differently, the statements made by Roderick to the defendant and his spouse would not be deemed “hearsay” if an inference were warranted that Roderick had apparent authority to act on behalf of the landlord. See Ruszcyk v. Secretary of Public Safety, 401 Mass. 418, 423-424 (1988). Generally, the issue of the existence and scope of an agency relationship is one of feet Cowan v. Eastern Racing Association, Inc., 330 Mass. 135, 142 (1953). When there has been proof of circumstances such that an inference is warranted that one person was acting in behalf of and with the knowledge and consent of another, an agency may be implied. Id. at 142. In order to determine whether the statements made by Roderick were admissible as vicarious admission, the judge was required to decide as a preliminary question of feet whether or not Roderick was an agent (either expressly, or by implication) for the landlord. See Natty v. Volkswagen of America, Inc., 405 Mass. 191, 198-199 (1989).
Although findings of feet are not usually required in a summary judgment motion, where, as here, the record is unclear whether the motion judge confronted and resolved the issue of authority to make admissions on the part of (he landlord (Bloom), the award of summary judgment must be vacated.
The order granting summary judgment is vacated and the cause is remanded for trial or other proceedings consistent with this opinion.
So ordered.

 The rule permits a party opposing summary judgment to file counter affidavits prior to the date of hearing.