Williams, J.
The defendants, John F. Ludvigsen and John F. Ludvigsen, trustee of I.T. Trust (“Ludvigsen”),[1] appeal pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8C, the allowance of the motion of the plaintiff, Abdulcadir M. Aden (“Aden”), for summary judgment. Because of the sparse record provided us, we cannot ascertain that Ludvigsen properly set forth specific facts in opposition to Aden’s motion so as to create a genuine issue of material fact, and so dismiss the appeal.
Aden brought this action against Ludvigsen to recover monies owed on a rental agreement for certain commercial premises in Jamaica Plain. Aden had paid Lud-vigsen $7,900.00 for first and last month’s rent and a security deposit for the tenancy to commence on 1 March 2000. On the strength of Ludvigsen’s answer[2] and his failure to respond to a Rule 36 request for admissions,[3] Aden established in a Rule 56 motion for summary judgment that Ludvigsen had received the money, the premises were not ready for Aden’s occupancy on 1 March 2000, and that Aden had asked Ludvigsen to return the money and was refused. The trial court allowed the motion without opinion, and judgment entered in Aden’s favor on 21 March 2002 in the total amount of $9,337.66.
Ludvigsen asserts that allowing Aden’s motion for summary judgment was in error because of an “affirmative defense” supported by affidavit he argued at the hearing. The defense purportedly centers on Ludvigsen’s suggestion that Aden, with members of his family and friends, “questioned and harassed” the prior tenant *181 of the premises, one Stanley Walker (‘Walker”), who had agreed with Ludvigsen to vacate the premises on 13 February 2000, some two weeks before Aden’s tenancy was due to start Because of Aden’s conduct, Ludvigsen argues, Walker held over into March for the purpose of preventing Aden’s occupancy. Ludvigsen submits that this evidence creates a genuine issue of material fact sufficient to defeat Aden’s motion, which was thus erroneously granted.
Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as matter of law. M. R. Civ. P., Rule 56(c); see, e.g., Bergendahl v. Massachusetts Elec. Co., 45 Mass. App. Ct. 715, 718-19 (1998) and cases cited; see also, e.g., Nagel v. Provident Mut. Life Ins. Co. of Philadelphia, 51 Mass. App. Ct. 763, 768 (2002). The moving party must demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Bergendahl, 45 Mass. App. Ct. at 718, citing Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991) and Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable, issue, the opposing party, in order to defeat the motion, must counter that showing with specific facts confirming the existence of a genuine issue of material fact. Mere assertions of the existence of disputed facts without evidentiary support are insufficient to defeat the motion. Bergendahl, 45 Mass. App. Ct. at 718-19.
We have no affidavit or other material from Ludvigsen establishing any of the facts he would raise to oppose Aden’s motion. Although the docket reflects that an affidavit of Ludvigsen was filed the day of the hearing, Ludvigsen has not provided even that late-filed affidavit to us.[4] M. R. Civ. R, Rule 56(c) provides that a party opposing a motion for summary judgment “prior to the day of the hearing may serve affidavits.” (Emphasis supplied). The record does not reveal whether the trial court even considered the affidavit, as it properly could well have refused to do, and indeed might have been obliged to do. LoCicero v. Hartford Ins. Group, 25 Mass. App. Ct. 339, 341 n.2 (1988) (court was free to disregard affidavit opposing summary judgment presented at motion hearing); USTrust Co. v. Kennedy, 17 Mass. App. Ct. 131, 137 (1983) (“[Wjhen the party offended by the rules violation is prejudiced, it is error not to reject the tardily filed affidavit.”); Bloom v. Tellier, 2002 Mass. App. Div. 162, 163; cf. Murphy v. Kotlik, 34 Mass. App. Ct. 410, 413 n.5 (1993). Without that affidavit, or other proper countervailing materials, Ludvigsen is left with “mere assertions,” inadequate to counter Aden’s evidence.
Even if the trial judge considered the tardy affidavit, Ludvigsen’s suggestion that he improperly discounted its substance seems fragile, since the facts of Lud-vigsen’s “affirmative defense” apparently revolve around events at which he was not present and states of mind other than his. See Ajalat v. Cohan, 1998 Mass. App. Div. 266, 268 (party may set out own belief in affidavit). Such an affidavit would ill comport with the requirements of M. R. Civ. R, Rule 56(e); see, e.g., Thorell v. ADAP, Inc., 58 Mass. App. Ct. 334, 338 (2003) (Rule 56(e) provides that summary-judgment affidavits “shall set forth such facts as would be admissible in evidence”; absent motion to strike improper portions of affidavit, however, judge has discretion whether to rely upon them). Here, though, we do not know what the affidavit purported to say or whether the trial judge even saw or considered it.
*182 This Court is directed to no materials properly submitted to the trial judge demonstrating a genuine issue of material fact, and is provided no authority tending to show that Aden was not entitled to judgment as a matter of law.
The appeal is dismissed.
So ordered.

 Ludvigsen appeared pro se below. Pro se litigants are held to the same standard as litigants represented by counsel. E.g., Boat Maintenance & Repair Co. v. Lawson, 50 Mass. App. Ct. 329, 331 (2000); Reznik v. Friswell, 2003 Mass. App. Div. 42, 44. Ludvigsen was represented by counsel in this appeal. No issue was made of a distinction, if any, between Ludvigsen as individual and as trustee.

 In his answer, Ludvigsen admitted Aden had paid the $7,900.00 total and that on the date Aden was to occupy the premises, there was a tenant there and Aden was unable to begin his tenancy that date although he was ready, willing and able to do so.

 M. R Civ. P, Rule 36(a) provides that “[ejach matter of which an admission is requested... is admitted unless, within 30 days after service of the request... the party to whom the request is directed serves upon the party requesting the admission [his responses or objections].” There is no apparent dispute Ludvigsen received the admissions and did not respond to them. Ludvigsen thereby admitted, in addition to the admissions in his answer, that Aden notified him on 8 March 2000 that since the premises were unavailable to him, he was withdrawing from the agreement and demanding the return of his money, which Ludvigsen did not return to him.

 He did provide a page-and-a-half transcript of an aborted start to the hearing. In the transcript, Ludvigsen told the trial judge he was appearing pro se and had “some affidavits” he had not provided Aden’s counsel. The trial judge said the case would be called later. Presumably the case was called again, but what was said then is unknown. At the hearing, Ludvigsen’s counsel did not know where the referred-to affidavit was or whether it was included in the record. It was not.