Merrick, J.
Plaintiff Riaz Hussain, M.D. (“Hussain”) owns a home in Foxboro, Massachusetts. In 2002, he approached defendant Cameron Construction and Roofing Co., Inc. (“Cameron”) to fix a leaky roof on his home. Hussain alleges that he eventually hired Cameron in December, 2002, to replace the roof, some siding and a storage shed in the yard and to supply a warranty for a total cost of $18,600.00. Hussain paid $17,000.00. Beginning in December of 2003, when the final payment was due, Hussain made several reports of leaks in the roof to Cameron. Hussain alleges that when Cameron’s repeated efforts to remedy Hussain’s continuing complaints failed, he brought this action.
Hussain’s pro se complaint is couched in terms of one for specific performance, an “extraordinary equitable remedy,” Hunt v. Rice, 25 Mass. App. Ct. 622, 633 (1988), which would not lie on either party’s version of the facts of this case. The complaint also sought money damages, however, and may be read as one for breach of contract. Both parties tried the case as a contract action, and we treat it as such. See Kagan v. Levenson, 334 Mass. 100, 106 (1956). Cameron counterclaimed to recover the unpaid balance of the contract price. After a bench trial, the judge found for defendant Cameron on Hussain’s complaint and for defendant-in-counterclaim Hussain on Cameron’s counterclaim,[1] thus deciding each claim against the party with the burden of proof.
Hussain appealed on claims of error in the court’s rulings on pre-trial motions, trial procedure and the admission and exclusion of evidence.
It should be noted that Hussain, the medical doctor and homeowner who brought this action, elected to proceed pro se, representing himself both in the trial court and before this Division. As indicated, infra, most of the grounds advanced by Hussain *15 as the bases for appeal are the product of his own misconceptions about legal procedure or evidentiary rules, or are beyond the permissible scope of appellate review because he failed either to preserve'them in the trial court, or to furnish a proper trial court record on which appellate consideration could be based.[2] Although he elected to proceed pro se, Hussain was subject to the same requirements applicable to a practicing attorney. Commonwealth v. Jackson, 419 Mass. 716, 719 (1995). “A pro se litigant is bound by the same rules of procedure as litigants with counsel.” International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983). Those rules include the basic requirements of appellate procedure, including the preparation of an accurate and complete record appendix. Brossard v. West Roxbury Din of the Dist. Court Dept., 417 Mass. 183, 184 (1994) and cases cited.
1. About two years after this action was commenced, eight months after the court-ordered close of discovery, and subsequent to the scheduling of the case for trial, Hussain filed a lengthy, handwritten omnibus motion with a number of requests, including (1) that there be “No further postponement of the trial by the defendant,” (2) to “Amend [his] Initial Complaint,” (3) to allow “Another Expert Witness,” and (4) for the “Court to Visit Premises.” The motion was decided by a judge other than the trial judge, and Hussain has appealed the denial of his complaint amendment and expert witness requests.[3]
According to his motion, Hussain’s proposed complaint amendment would have specified various areas in the house which showed water damage from leaks in the roof which occurred subsequent to the commencement of suit. While a motion to amend a complaint rests within a judge’s discretion, “leave should be granted unless there are good reasons for denying the motion.” Leonard v. Town of Brimfield, 423 Mass. 152, 157 (1996).. “[T]he record must show some reason for the denial of a motion to amend a pleading.” Jessie v. Boynton, 372 Mass. 293, 295 (1977). While there is nothing in the record before us to indicate why the motion to amend should not have been allowed, it is clear that there was no necessity for the amendment and that Hussain was not prejudiced by the denial of his motion. Under the liberal rules of pleading in this Commonwealth, a complaint must provide only fair notice of the claims presented and need not contain a precise formulation of the specific issues for trial. Republic Floors of New England, Inc. v. Weston Racquet Club, Inc., 25 Mass. App. Ct. 479, 487 (1988). All that is required is a short and plain statement of the plaintiff’s claim. Mass. R. Civ. P., Rule 8(a). Further, pleadings are to be construed by the trial court so as to do “substantial justice.” Mass. R. Civ. P., Rule 8(f); Wood v. Roy Lapidus, Inc., 10 Mass. App. Ct. 761, 765 (1980). The trial judge did not limit Hussain’s evidence to the roof leaks alleged in his original complaint. Sugarman v. Malkemus, 1997 Mass. App. Div. 64, 65, and Hussain introduced evidence of additional damage alleged in his motion to amend. Therefore, as noted, Hussain was not prejudiced by the denial of the requested amendment
We are unable to determine whether the motion judge abused his discretion in excluding an expert witness. Derby Ref. Co. v. Chelsea, 407 Mass. 703, 716 n.11 (1990). “[I]n the absence of an offer of proof (citation omitted), there is no showing that it was prejudicial to refuse to admit the excluded testimony.” Cooke v. Walter Kidde & Co., 8 Mass. App. Ct. 902, 903 (1979). See Mass. R. Civ. P., Rule *16 43(c). It was Hussain’s burden to establish prejudicial error. Carrel v. National Cord & Braid Corp., 447 Mass. 431, 450 (2006). He failed to do so.
2. About a year before the trial, a second motion judge allowed Hussain’s motion for a view of his property by the trial judge. The other motion judge, acting on the later omnibus written motion, did not decide that portion of the motion requesting the “Court to Visit Premises.” Finally, on the day of trial, the trial judge declined to conduct a view. Hussain has appealed the trial judge’s failure to take a view after the earlier allowance by another judge of his motion for the same.
“Although a judge should not lightly undo the work of another judge, ... the power to reconsider an issue remains in the court until final judgment,” Riley v. Presnell, 409 Mass. 239, 242 (1991), even when the judge is revisiting precisely the same motion decided by the first judge. Barron v. Fidelity Magellan Fund, 57 Mass. App. Ct. 507, 519 (2003). As a matter of common sense as well as law, the decision to conduct a view during a trial is peculiarly one for the trial judge, Commonwealth v. Cataldo, 423 Mass. 318, 327 n.8 (1996); Commonwealth v. King, 391 Mass. 691, 694 (1984), and rests within his or her discretion. Uraneck v. Lima, 359 Mass. 749, 750 (1971). There was no error in the trial judge’s refusal, after all of the evidence had been presented, to take a view.
3. At the beginning of the trial, both Hussain and defense counsel addressed some evidentiary issues in limine. Among other things, Hussain attempted to have the parties’ contract and a report from the Foxboro Building Commissioner admitted into evidence. The court properly ruled that it would reserve decision on those matters until they arose at the appropriate time during the trial. Hussain had no right to introduce these documents until an evidentiary foundation was laid. See Cambridge YMCA v. Franks, 1998 Mass. App. Div. 242, 243. The contract, ultimately, was introduced into evidence as exhibit number 1. Second, there is no record that the Foxboro Building Commissioner’s report was excluded from evidence. Hussain claims it was offered during an unrecorded portion of the trial. While the trial was tape recorded, the transcriber indicated that some portions of the proceedings were not on the tape. In such a case, the procedure to be followed by the appellant to complete the record is set forth in Dist./Mun. Cts. R.A.D.A., Rule 8C(e). See Burgess v. Uzarins, 1999 Mass. App. Div. 81 n.2. Hussain took no action.
Despite repeated instruction by the court, Hussain continually tried to make statements of fact rather than to pose questions during his direct examination of his wife, his only witness other than himself. After the written contract was marked as an exhibit during his own testimony, Hussain attempted to summarize and characterize the contract. The judge explained the difference between testimony and argument, and instructed Hussain that he could argue the meaning of the contract during final argument. Hussain’s complaints on appeal about these proper rulings are merely reflections of his own lack of knowledge of trial procedure rather than any identification of trial court error.
4. At the hearing in limine, the trial judge also ruled that Hussain would be allowed to testify even though he had not listed himself as a witness in his pretrial memorandum. Having so permitted Hussain to testify, the judge then told him to omit an opening statement and proceed directly to his testimony. Hussain has appealed what he claims was the trial judge’s refusal to permit him to make an opening statement while permitting the defendant to do so.
First, the record is clear that the trial judge did not permit either party to make an opening statement, and Hussain’s assertion that the defendant was allowed to make one is simply false. Second, even if the parties were entitled to make opening statements at the trial, the judge’s refusal to permit them would not be prejudicial because an opening statement is not evidence, Kirby v. Morales, 50 Mass. App. Ct. 786, 794 (2001), but is merely “a statement of expected proof.” Silva v. Pereira, 1 Mass. App. Ct. 368, 371 (1973). For the same reason, even in criminal cases *17 where the right to make an opening statement is specified in Mass. R. Crim. P., Rule 24(a)(1), denial of that right is not prejudicial error. Commonwealth v. Medeiros, 15 Mass. App. Ct. 913 (1983); Commonwealth v. McJunkin, 11 Mass. App. Ct. 609, 615-616 (1981).
Opening statements are often, if not usually, waived at bench trials. A court’s refusal to permit an opening statement seems to be particularly appropriate in a bench trial involving a pro se party whose evidence is primarily his own testimony. An opening statement, if properly limited, would have consisted mainly of Hussain’s recitation of what he was going to say minutes later under oath.
5. In his brief on this appeal, Hussain states:
Just before the court session Mr. Casey a defendant lawyer came out of the judges lobby in to the court room and went straight to defendant and Pat on his back and said something in the defendant ear and then left the court room. What was discussed by the defendant lawyer Mr. Casey with the Hon. Judge just before the hearing of this case was started? What Mr. Casey said in ear of defendant?” (Underlining, grammar and absence of punctuation in original).
The record in this case does not show any witness or attorney named Casey. More significantly, the record does not include any request by Hussain for the judge to recuse himself, or even any suggestion that the described event ever occurred. If any event remotely resembling the one described actually took place, the questions Hussain poses in his brief should have been addressed in the courtroom at that time. Instead, Hussain’s allegations appeared for the first time in his appellate brief. Not only did he not raise the issue at trial, we do not have any indication that he even raised it in his motion for a new trial filed six months later.
The law is well settled that one seeking the disqualification of the judge must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification, (citation omitted) [A] party, knowing of a ground for requesting disqualification, can not be permitted to wait and decide whether he likes the subsequent treatment that he receives.
Demoulas v. Demoulas Super Mkts., Inc., 428 Mass. 543, 548-549 (1998). Hussain may not raise this issue for the first time on appeal. See Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471 n.25 (1991).
The judgment is affirmed.
So ordered.

 Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 4(a), Cameron had 14 days from the date of filing of Hussain’s notice of appeal to file its own cross-appeal challenging the court’s adjudication of its counterclaim. Cameron did not do so. In any event, Cameron’s argument that the trial court’s findings on the complaint and counterclaim were inconsistent necessarily fails. First, an alleged inconsistency between findings must first be raised in the trial court by a motion for a new trial or motion to correct the inconsistency. Cook v. Kozlowski, 351 Mass. 708 (1967); Bardascino v. Gilbert, 1999 Mass. App. Div. 178, 179 n.3. Second, the court’s findings on the complaint and on the counterclaim are not inconsistent because in each instance, the judge found against the party with the burden of proof. “Disbelief of testimony is not the equivalent of proof of facts contrary to that testimony.” Commonwealth v. Haggerty, 400 Mass. 437, 442 (1987).

 Hussain has appealed, for example, the denial of an untimely motion for a new trial he filed about six months after entry of judgment. The motion is not included in the record appendix, see Harvard Univ. v. Goldstein, 1999 Mass. App. Div. 67, 68, nor is the issue briefed. See Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4); Morris v. Centola, 2001 Mass. App. Div. 39, 40.

 With the exception of ordering the defendant to produce some photographs, the motion judge did not act on the other parts of Hussain’s motion.