Williams, PJ.
To the extent that this Appellate Division can discern the issues on this appeal from a patchy record and a murky brief,[1] the defendant, Robert D. Cavanagh (“Cavanagh”), claims that the trial judge erred: (1) in failing to dismiss the action, or at least to continue the bench trial, in light of a pending superior court appeal of an administrative decision regarding the home-improvement-contractor registration of the plaintiff, Bill Yetman (‘Yetman’’); and (2) excluding the administrative decision from evidence at trial, but then allowing Yetman to argue it. We find no error and dismiss the appeal.
Our consideration of Cavanagh’s appeal is limited to the issues raised in his brief. Dist./Mun. Cts. R. A. D. A., Rule 16(a)(4); Hussain v. Cameron Constr. & Roofing Co., 2007 Mass. App. Div. 14, 15 n.2. Although we have read the brief liberally to identify those issues, several inchoate issues are too sketchily conjured to rise to the level of adequate appellate argument because they are undeveloped and unsupported by coherent analysis and relevant legal authority. See Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995). See also Mammomet USA, Inc. v. Entergy Nuclear Generation Co., 64 Mass. App. Ct. 37, 48-49 (2005) (conclusory appellate arguments unworthy of extended discussion). Notably, appellate “argu-mentfsj” consisting of a single sentence and “unsupported by citation or articulated reasoning” are insufficient. Cameron, supra at 86, citing Baird v. Massachusetts Bay Transp. Auth., 32 Mass. App. Ct. 495, 499 (1992). Before dismissing those of Cavanagh’s points that fail on such grounds, we address those issues developed in his brief.
On the day of trial, Cavanagh orally moved to dismiss Yetman’s action on the ground that file State Board of Building Regulations and Standards (“Board”) had decided that the contract between Yetman and Cavanagh was “illegal.” The trial judge reviewed that decision and determined that, following a hearing generated by Cavanagh’s complaint, the Board found that Yetman had failed to register as a home-improvement contractor and was thus in violation of G.L.c. 142A at the time he contracted with Cavanagh. The Board imposed a penalty of $3,000.00 for the violation. Based on her reading of the decision, with which Cavanagh agreed, the judge concluded that the decision did not preclude litigation born of the parties’ contract. The trial judge, therefore, denied Cavanagh’s motion to dismiss and indicated that the trial would proceed. After a discussion about the admissibility of the Board’s decision, the judge stated that she would address that evidentiary issue *163 when it arose during the trial, and that she would permit Cavanagh to pursue the issue of Yetman’s apparent registration failure. Based on the record before us, Cavanagh did not do so.
The trial judge did not err in denying Cavanagh’s motion to dismiss. Even assuming Yetman was unregistered, that fact alone would not have defeated his claim against Cavanagh for the unpaid balance of the parties’ contract. Section 2 of G.L.c. 142A states: “[Cjontracts which fail to comply with the requirements of this section shall not be invalid solely because of noncompliance.” See Mellin v. Tettlebach, 1997 Mass. App. Div. 70, 70-71. Thus, dismissing this action solely on the basis of the Board’s finding that Yetman was not registered as a home-improvement contractor would have been improper.[2]
Cavanagh further suggests that even if the action were not dismissed, the trial should have been continued to await the outcome of Yetman’s appeal of the Board’s decision to the Plymouth Superior Court. As far as the record reveals, however, Cavanagh did not so much as hint at any such pending appeal to the judge on the day of trial.[3] A continuance may be granted only upon a showing of good cause, Mass. R. Civ. P., Rule 40(b), in an exercise of the trial judge’s sound discretion. Vittands v. Sudduth, 41 Mass. App. Ct. 515, 516 n.5 (1996). On this appeal, Cavanagh bears the burden of establishing that the judge’s denial of his request for a continuance constituted an abuse of discretion amounting to a prejudicial error of law. Adoption of Paula, 420 Mass. 716, 734 (1995). He has fallen far short of meeting that burden. Cavanagh waited until the day of trial to seek a dismissal or a continuance, and offered as the sole basis for his request the existence of the Board’s decision, which he erroneously characterized as a decision that the parties’ contract was “illegal.” Even if Cavanagh had told the trial judge of the pending superior court appeal, it is difficult to see how that appeal would have required a continuance when *164 there was no showing of the effect, if any, that the Board’s decision or the appeal would or could have had on the trial.
Cavanagh’s brief also suggests that the judge erred in allowing Yetman “to present evidence [at trial] and argue the merits of the ... appeal.” But nowhere in the record appears any argument about, or even mention by anyone of, the Board’s decision or the superior court appeal during the trial of this case. Cavanagh apparently refers to testimony that Yetman’s counsel solicited from him about his, Cavanagh’s, residential address, which Cavanagh evidently considers relevant to Yetman’s superior court appeal. Cavanagh offers no support, however, for the notion that the judge’s admission of testimony about Cavanagh’s address, which seemed benign, if not a bit belabored, was in error.
Other issues referred to in Cavanagh’s brief are of two types: (1) contentions merely one to two sentences in length about Yetman’s failure to negotiate or arbitrate the dispute, a mechanic’s lien, misrepresentation, violation of G.L.c. 93A, breach of contract, and property damage; or (2) brief synopses of trial evidence on such topics as the protection of finished floors, water damage, attorney’s fees, and the alleged conversion of a “corner bead.” These bald, unformed, and unsupported points must fail for the reasons set forth above. See Cameron, supra at 86-86; Baird, supra at 499. As to those of Cavanagh’s points based on the evidence, we note that Cavanagh filed no requests for rulings of law pursuant to Mass. R. Civ. P., Rule 64A(b) to test the sufficiency of the evidence. See Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 138 (“In order to preserve for appellate review the issue of the sufficiency of the evidence to warrant a particular finding, it is necessary that a proper request for a ruling of law be presented to the trial judge at the close of the evidence and before final argument.”). Further, what we have of the trial court record is silent as to whether the sufficiency of the evidence underlying any aspect of Yetman’s claim was challenged at trial by a Mass. R. Civ. P., Rule 41(b) (2) motion for involuntary dismissal, or otherwise. The issue of the sufficiency of the evidence is, therefore, deemed waived. Mark Bombara Interior Design v. Bowler, 446 Mass. 413, 418 (2006).[4]
Appeal dismissed.
So ordered.

 The trial transcript included in the record appendix is expressly “excerpted” and, thus, contains numerous gaps. As for the defendant-appellant’s brief, pro se litigants are held to the same standard as litigants represented by counsel. Aden v. Ludvigsen, 2003 Mass. App. Div. 180 n.1 and cases cited.

 Had Yetman’s purported failure to register, and any resulting damage to Cavanagh, been proved, see Hershenow v. Enterprise Rent-A-Car Co. of Boston, Inc., 445 Mass. 790, 798 (2006), such facts would have been potentially relevant to a G.L.c. 93A claim. Section 17 of G.L.c. 142A provides that a violation of G.L.c. 142A is a per se violation of G.L.c. 93A. See Reddish v. Bowen, 66 Mass. App. Ct. 621, 629 (2006); Simas v. House of Cabinets, Inc., 53 Mass. App. Ct. 131, 137 (2001). Specifically, had such claims been raised and proved, Yetman might have been found liable for violating G.L.c. 142A, §17 (1) (“operating without a certificate of registration issued by the administrator”) and §17 (4) (“making any material misrepresentation in the procurement of a contract or making any false promise of a character likely to influence, persuade or induce the procurement of a contract”). But the record prepared by Cavanagh does not indicate that he even approached pressing such points.

 That appeal was first raised before the trial judge on November 28, 2006, a month after the trial, at a hearing on Cavanagh’s motion for a “new trial or amendment” pursuant to Mass. R. Civ. P., Rules 52(d) and 59. Cavanagh did not appeal the denial of that motion. Attorney Peter M. Daigle (“Daigle”) represented Cavanagh at the November motion hearing, but it is unclear what he was seeking beyond a clarification from the court as to whether the Board’s decision on Yet-man’s registration failure had been admitted into evidence at trial. Daigle, after accepting the judge’s determination that the evidence had not been admitted, suggested that the pending appeal of the Board’s decision “may have affected the [judge’s] decision when it came to this case being heard.” Of course, the judge’s decision was made at a time before she was advised of the existence of any appeal. The judge properly declined to entertain the vague plea for whatever relief was sought at the postjudgment motion hearing.

 Even if Cavanagh’s claims of “unfairness” could be deemed arguments that the trial judge’s findings were clearly erroneous, Mass. R. Civ. P., Rule 52(a), Cavanagh would not prevail. As there was some evidence to support the judge’s finding in favor of Yetman, the finding was not clearly erroneous. Mark Bombara Interior Design, supra at 418 n.2.